THE STATE OF KANSAS V. JOSEPH THOMPSON.

EXISTENCE OF RAILWAY CORPORATION, *How Proved.* On the trial in a criminal case, the existence of a railway corporation may be proved by general reputation. A *de facto* existence of a corporation is all that is necessary to be shown.

### *Appeal from Atchison District Court.*

THOMPSON was charged by information with having, on July 28, 1878, and in the night time, in Atchison county, unlawfully, forcibly, feloniously and burglariously broken and entered a frame building used and occupied by the Atchison & Nebraska railroad company, a corporation, as a tool shop, in which building there were then kept, stored and deposited certain valuable goods, wares and mechanical tools, to wit: One pick, of the value of one dollar, six feet of fuse, of the value of thirty cents — then and there being the property of the Atchison & Nebraska railroad company, a corporation, with the intent to commit a felony, and the said personal property to unlawfully and feloniously steal, take and carry away. Trial at September Term, 1878. Verdict of guilty of burglary in the second degree. New trial refused, and defendant was sentenced to imprisonment in the penitentiary for five years and twenty days. *Thompson* brings the case here.

*Smith & Solomon,* for appellant.

*C. K. Wells,* county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: Upon the trial of this case, the state rested without proving or offering to prove the existence of the Atchison & Nebraska railroad company as a corporation, and thereupon the defendant interposed his demurrer to the evidence. After some argument, the county attorney asked leave to call a witness to prove the existence of the corporation by reputation,

and that the company was doing business as such.    The
court granted the request, and a witness, one Philip Dun-
kin, testified as to general reputation, and to the acts and
business of said company as a corporation.    Counsel allege
that all this was error.    The court clearly had the right, in
its discretion, to receive any competent testimony on the part
of the state at the time the evidence complained of was pro-
duced, (*Crawford v. Furlong,* 21 Kas. 698,) and the only
question in the case worthy of comment is, whether the tes-
timony received was competent.    Counsel say the trial court
placed a wrong construction upon § 214, ch. 82, Comp. Laws
1879, pp. 756, 757, which prescribes:

"If, on trial or other proceeding in a criminal cause, the
existence, constitution, or powers of any banking company
or corporation shall become material, or be in any way drawn
in question, it shall not be necessary to produce a certified
copy of the charter or act of incorporation, but the same may
be proved by general reputation, or by the printed statute
book of the state, government, or country by which such cor-
poration was created."

It is claimed that this section authorizes proof by general
reputation, only when a *banking* company or a *banking* cor-
poration is brought in question, and that as the corporation
in occupation of the building burglariously entered was a
railway corporation, its legal existence could only have been
been proved by the best evidence, viz.: its charter or act of
incorporation, or a duly-certified copy thereof.    We do not
agree with counsel.    Sec. 214 is only cumulative, and it is
immaterial whether it applies to banking corporations exclu-
sively, or to corporations generally.    The evidence excepted
to was both competent and admissible, as the authorities are
decisive that in criminal cases, independent of any stat-
utory rule favoring the proposition, the existence of a cor-
poration may be proved by general reputation.    A *de facto*
existence of the corporation is only necessary to be shown.
In *People v. Caryl,* 3 Park. (N. Y.) Cr. 326, it was held that
on the trial of an indictment for stealing foreign bank bills,
that it was not necessary to produce the highest evidence of

the existence of the bank, such as proof of the original charter or act of the government incorporating the company; but that proof that there was such a bank *de facto* was sufficient. In *People v. Frank*, 28 Cal. 507, it was said: "Whether the Utah Mining Company was a corporation *de jure* or not, was not an issue in the case. If it was acting as such, that was sufficient." The supreme court of Indiana used this language: "Surely the property of corporations not lawfully organized, though existing in fact, is not to be declared by this court the legitimate prey of thieves, to be appropriated without criminal responsibility." (*Smith v. State*, 28 Ind. 322.) And in Ohio, the supreme court thus lays down the rule: "The existence of a corporation may be proved by one who, of his own knowledge, is acquainted with the fact, . . . or by general reputation. . . . The rule springs from necessity, and the absolute impossibility of conviction, in frequent cases, without its adoption." (*Reed v. State*, 15 Ohio, 217.) See also *People v. Barric*, 49 Cal. 342; *People v. Davis*, 21 Wend. 309; *Johnson v. People*, 4 Denio, 364; *People v. Chadwick*, 2 Park. (N.Y.) Cr. 163; and *Sasser v. State*, 13 Ohio, 453.

The judgment of the district court will be affirmed.

All the Justices concurring.