THE STATE OF KANSAS v. ARTHUR S. KENDALL.
No. 10401.

1. CRIMINAL TRIAL—*Absence of Defendant.* In an information it was charged that the defendant did "unlawfully, feloniously, and carnally know and forcibly ravish" a female under the age of 18 years. The defendant, assuming that two offenses were charged in the information, moved the court to require the state to elect upon which offense it would stand for trial. At the time of the filing of the motion to elect and of the argument thereon the defendant was not actually present in court. The motion was overruled and a conviction followed. *Held,* That the absence of the defendant during the filing and argument of the motion is not fatal to the judgment of conviction.

2. EVIDENCE, *not in Record—Presumption.* In the absence of the evidence from the record, it must be assumed that it was sufficient to sustain the verdict of the jury, and that it warranted the giving of an instruction upon an offense included within that charge in the information.

3. RAPE—*Assault with Intent to Commit—Definition.* In instructing the jury as to an assault upon the prosecutrix with an intent to commit a rape, the court stated that if the defendant "caught hold of her, and used force or violence and threats, with intent to carnally know her, then, in that case, you should find him guilty of an assault with intent to commit a rape, and in that case it would make no difference that he might have failed to accomplish his purpose." Under the circumstances of the case, *held,* not to be erroneous.

*Appeal from Trego District Court.*

The opinion states the case.

*John E. Hessin,* for appellant.

*F. B. Dawes,* attorney general, and *S. J. Osborn,* for The State.

The opinion of the court was delivered by

JOHNSTON, J.: Arthur S. Kendall was convicted of assault with intent to commit rape upon the person of Emma Cathcart, who was under the age of 18 years.

The information. charged that he did "unlawfully, feloniously and carnally know and forcibly ravish Emma Cathcart, she, the said Emma Cathcart, then and there being a female under the age of eighteen years." Because of the allegation that force was used, the defendant assumed that two offenses were charged in the information, and moved the court to require the county attorney to elect upon which offense a trial should be had. A motion to quash the information, for the reason that the allegations did not state a public offense, was also made and overruled. Although there is a recital in the final entry of judgment that the defendant was present in person and by counsel during all the proceedings had upon the trial of the case, it is stated in another part of the record that, at the time of the filing of the motion to elect and the argument thereon, the defendant was not actually present in court. It is contended that the absence of the defendant during the filing and argument of the motion is fatal to the judgment of conviction. It is provided that "no person indicted or informed against for a felony can be tried unless he be personally present during the trial." (Crim. Code, § 207.) "A trial is a judicial examination of the issues, whether of law or fact, in the action." (Civil Code, § 265.) And in every step of a trial for a felony the accused has an undoubted right to be present, and be heard by himself and counsel, or either. All preliminary motions do not constitute a part of the trial, and a hearing of the motion to elect cannot be regarded as the trial of an issue in the case. The allegation in the information that force was used by the defendant was unnecessary and may properly be treated as surplusage, and in that view a hearing of the same becomes unimportant. Under

the statutory provisions referred to, it would appear that the presence of the defendant was necessary upon the hearing of a motion to quash the indictment or information. A motion to quash the charge or information is an issue joined between the state and the defendant. It involves the question of the guilt or innocence of the defendant, and the determination of the motion may finally dispose of the prosecution. It is claimed that the defendant was not present during the argument of the motion to quash the information, but the record does not sustain the claim. A fair interpretation of the same is that the defendant was present in person during all the proceedings of the trial, except during the filing and argument of the motion to elect.

It is contended that some portions of the charge were inappropriate and erroneous, and from the language used by the court it is claimed that there could have been no evidence to sustain the charge of an attempt to commit a rape. The evidence in the case was not preserved, and we have no means of knowing what it was, nor whether it justified the instructions that were given. The claims of the prosecutrix and of the defendant in respect to the matter are stated in the instructions, but whether their testimony accorded with their claims does not appear. In the absence of the evidence we must assume that it was sufficient to sustain the verdict of the jury, and that it warranted the giving of an instruction as to what would constitute an attempt to commit rape, as well as one in regard to the completed sexual act. It is argued that the one given concerning an attempt must be held to be incorrect in any case. The court instructed that

"The charge in the information in this case not only includes a charge of rape upon the said Emma

Cathcart, but it also includes the charge of assault with intent to commit rape upon her, and although you should have a reasonable doubt as to whether the defendant actually committed a rape upon her, yet if you believe from the evidence, beyond a reasonable doubt, that he made an assault upon her with the intent to commit a rape — that is, that he caught hold of her and used force or violence and threats, with the intent to carnally know her, then and in that case you should find him guilty of an assault with intent to commit a rape, and in that case it would make no difference that he might have failed to accomplish his purpose.''

A fuller definition as to what would constitute an assault with intent to commit a rape might have been given, but no such instruction was requested, and the defendant has no ground to complain of the one given. It is argued that in all such cases there must be present not only the intent to commit the offense, but some act toward its commission. If the defendant caught hold of the prosecutrix with intent to carnally know her, and used force or violence, together with threats, for the purpose of obtaining sexual intercourse with her, it cannot be said that there were no overt acts toward the commission of rape, and further, that the attempt had not progressed sufficiently toward execution to show the criminal intent of the defendant. The prosecutrix being under 18 years of age, and under the law deemed incapable of giving consent, the rule insisted upon by the defendant with respect to consent, force and resistance is inapplicable.

In one of the instructions some strong language is used by the court in characterizing the offense of rape, and of this complaint is made. The language, however, is mainly the same as is used in one requested by the defendant, and while it might well

have been omitted from the charge, we are satisfied that no prejudice resulted to the defendant therefrom.

We find nothing in the record that warrants a reversal, and therefore the judgment of the district court will be affirmed.

All the Justices concurring.