No. 34,812

THE STATE OF KANSAS, *Appellee*, v. E. R. FITZGERALD, *Appellant*.

(106 P. 2d 658)

Opinion filed November 9, 1940.

*L. M. Ascough, Richard R. Funk,* and *Hall Smith,* all of Topeka, for the appellant.

*Jay S. Parker,* attorney general, and *Paul L. Harvey,* county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: The defendant was convicted on five counts which charged him with violation of the speculative securities act (G. S. 1935 and G. S. 1939 Supp., 17-1223 *et seq.*).

He appeals, urging three errors, the first of which is based on the overruling of his motion to be discharged at the close of the state's evidence. The information had charged that defendant unlawfully sold unregistered speculative securities, to wit: "shares . . . capital stock of the Mines and Minerals, Inc., a corporation organized and existing under and by virtue of the laws of the state of Missouri." Defendant contends that to sustain a conviction it was necessary for the prosecution to prove the existence of that Missouri corporation as charged in the information, and that this was not done. To this contention there are two good answers. The existence of the corporation was well established by competent evidence under long-established precedents (*State v. Thompson,* 23 Kan. 338; *State v. Harvester Co.,* 79 Kan. 371, 391, 99 Pac. 603; 1 Thomp-

son on Corporations, 3d ed., § 293). One or more of the blue-sky shares which the defendant had unlawfully purveyed was introduced in evidence, bearing his signature as secretary of the company and reciting that it was "Incorporated under the Laws of Missouri . . . The Mines and Minerals, Inc., capital stock, $30,000. Shares $1.00 each." Although no certified copy of the corporation's Missouri charter was offered to prove the company's corporate existence, witnesses testified that they had seen its charter in the custody of the defendant.

Another and complete answer to the same contention is that it was not essential to the sufficiency of the charge nor of the proof that the unlawful sale of the speculative securities should be those of a chartered corporation. The statute makes no such requirement. The reference in the information to the corporation was surplusage, and quite immaterial except for whatever help it might give to defendant (as a bill of particulars) in preparing his defense, by identifying the particular securities he was charged with selling. In *State v. Wiencha*, 114 Kan. 448, 219 Pac. 497, the appellant was convicted of burning personal property for the purpose of defrauding certain named insurance companies. One of the errors urged against the judgment was the want of proof that the insurance companies were incorporated. But this court made short work of that contention, saying,

"Whether the companies were corporations or not was not of the slightest concern to the defendant. Certainty regarding the offense was satisfied when a definite insurer was named, and the old rule that surplusage must be strictly proved if inserted in the information, no longer prevails in this state." (p. 451.)

Defendant's next complaint is on the overruling of his motion for a new trial. The first point urged under this assignment pertains to the question we have disposed of above. It is also urged that a letter written by defendant to the prosecuting witness, Wilbur Thomas, was erroneously admitted in evidence. We have read that letter and agree with the trial court that it was competent. Be that as it may, at the conclusion of the evidence the record reads:

"[Counsel for the State]; The state now moves to withdraw plaintiff's exhibit F from the consideration of the jury—dated July 4, 1938, to Wilbur Thomas.

"[Counsel for the Defendant]: No objection.

"[The Court]: Members of the jury, on the motion of the state and without objection on the part of the defendant, there is withdrawn from your consideration a letter introduced in evidence, dated July 4, 1938, addressed to

Mr. Wilbur Thomas, Meriden, Kansas, and .which has been identified as plaintiff's exhibit F. This is withdrawn from your consideration and you are instructed not to consider it."

The only count in the information to which the letter had any probative significance was count 2, and the jury acquitted defendant on that count. It is therefore abundantly clear that this incident wrought no prejudice to defendant.

There is no error in the record and the judgment is affirmed.

HARVEY, J., not sitting.