No. 35,245

In the Matter of the Application of Edward R. Fitzgerald (Edward R. Fitzgerald, alias Edward R. Roleau, alias Edward R. Rollo, alias Edward Fitzpatrick, alias Edward Fitzgerald Rollo, Petitioner, v. Milton F. Amrine, Warden of the Kansas State Penitentiary, Respondent).

(117 P. 2d 582)

Opinion filed October 11, 1941.

*Edward R. Fitzgerald* pro se.

*Jay S. Parker,* attorney general, *Jay Kyle,* assistant attorney general, for the respondent.

The opinion of the court was delivered by

Smith, J.: This is a petition for a writ of habeas corpus by an inmate of the state penitentiary who seeks to be released from imprisonment.

The petitioner was tried in the district court of Shawnee county in January, 1940, on an information charging him with selling unregistered securities, and containing six counts. Petitioner was found guilty on five of the counts and acquitted on one count, the second. On February 7, 1940, after the court had overruled petitioner's motion for a new trial, the court passed sentence on petitioner. The crime of which petitioner was convicted is a felony. (G. S. 1935,

and G. S. 1939 Supp. 17-1223, *et seq.*) It was made to appear to the court that petitioner had theretofore been twice convicted of felony, which fact is not disputed, and the court, applying G. S. 1939 Supp. 21-107a, sentenced him to seventeen years imprisonment on the first count and fifteen years on each of the other counts on which he had been convicted. The sentences on the counts after the first count were made to run concurrently with that on the first count. Petitioner appealed to this court, where his conviction was affirmed. (*State v. Fitzgerald*, 152 Kan. 531, 106 P. 2d 658.) The record would indicate petitioner made application thereafter to the district court of Leavenworth county for a writ of habeas corpus. That application was denied March 10, 1941. Now petitioner comes before this court with his petition.

Petitioner claims that because G. S. 1939 Supp. 21-107a, under which he was sentenced, provides that if one be "convicted a third time of felony, he shall be confined in the penitentiary for a period of not less than fifteen years," that no maximum sentence is provided in the statute and therefore the minimum sentence of fifteen years, as specified in the statute, was the only sentence which could be imposed under the statute.

The argument is clearly without merit. Petitioner has overlooked G. S. 1935, 21-109, which reads:

"Whenever any offender is declared by law punishable, upon conviction, by confinement and hard labor for a term not less than any specified number of years, and no limit to the duration of such imprisonment or confinement is declared, the offender may be sentenced to imprisonment during his natural life, or for any number of years not less than such as are prescribed; but no person shall in any case be sentenced to confinement and hard labor for any term less than one year."

The application of the last statute was settled in *State v. Pierce*, 23 Kan. 153. See, further, *People, ex rel. Mason, v. Brophy*, 235 App. Div. 432, 257 N. Y. S. 165; *In re Miller*, 23 Idaho 403, 129 Pac. 1075; 24 C. J. S. 1197.

The petition for a writ of habeas corpus is denied.