No. 37,864

ELLIS JAMISON, or ELLIS JAMERSON, *Appellant,* v. ROBERT H. HUDS-
PETH, Warden, Kansas State Penitentiary, *Appellee.*

(213 P. 2d 972)

Opinion filed January 28, 1950.

Ellis Jamison was on the briefs *per se.*

H. R. Fatzer, attorney general, C. Harold Hughes, assistant attorney general, and C. H. Boone, county attorney, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal in a habeas corpus proceeding. The district court denied the writ and the petitioner appeals.

On September 24, 1947, the petitioner was convicted in the district court of Montgomery county on a charge of burglary in the second degree and also of larceny committed in connection with the burglary. By reason of three prior felony convictions the petitioner was sentenced to life imprisonment in the state penitentiary.

His application for release from confinement was based on six grounds which, in substance, were:

(1) On the trial no receipt of the articles alleged to have been stolen was introduced in evidence and a positive identification of the property alleged to have been stolen is required.

(2) The sentence imposed was unlawful and void. It was inhuman and not in accordance with the provisions of G. S. 1947 Supp. 21-107a.

(3) At the hour of 11:55 a. m. the jury separated for luncheon under directions to return at 1:00. When the jury returned at 1:00 and retired for further deliberations the petitioner was not present. Such procedure in his absence constituted prejudicial error.

(4) Petitioner was not given adequate time to prepare his de-

fense prior to trial. This constituted a denial of due process of law as guaranteed by section 10 of the bill of rights of the Kansas constitution and the fourteenth amendment of the federal constitution.

(5) The court erred in denying his motion for a new trial for the following reasons: (*a*) The evidence did not prove petitioner committed burglary; (*b*) the jurors were permitted to separate at luncheon; (*c*) petitioner was not present in the courtroom when the jury reconvened after luncheon. The district court denied petitioner the right to appeal to the supreme court.

(6) The information and journal entry are not in proper form in that the statute under which sentence was imposed was not recorded in the journal as required by G. S. 1947 Supp. 62-1516. The information and journal entry are void.

The record before us in the instant appeal does not contain an abstract of the evidence introduced in the criminal action. In any event if petitioner's first alleged ground for his release were factually correct his remedy was by appeal from the judgment in the criminal case. A proceeding in habeas corpus is not a substitute for appeal.

Petitioner assigns no reason or theory for his second contention that sentence was not imposed in accordance with the provisions of G. S. 1947 Supp. 21-107a. Upon a third conviction of a felony the trial court has authority, under that statute, to sentence a defendant to be confined in the penitentiary for the period of his natural life. (*Fitzgerald v. Amrine*, 154 Kan. 209, 117 P. 2d 582; *State v. Liebeno*, 163 Kan. 421, 183 P. 2d 419.) It was wholly within the province of the legislature to determine whether the sentence provided by the statute is excessive. Courts determine the legality but not the wisdom of legislative policy.

Touching the third ground the journal recites petitioner was present when court was recessed for the noon hour. He states no reason for his failure to be present at the time specifically set for court to reconvene. The record does not disclose his absence was involuntary. The record discloses no proceedings when the jury returned at the appointed hour other than that the jury in charge of the bailiff was reconducted to the jury room for further deliberation. Assuming that was the extent of the proceedings, and none other is indicated, petitioner has failed to disclose in what manner his absence at that moment prejudiced his substantial rights in the slightest degree. Under such a record petitioner is not entitled to

his release by reason of section 10 of our bill of rights or under the provisions of G. S. 1935, 62-1411. Neither would he, under such circumstances, be entitled to a reversal of a judgment of conviction on appeal. (*State v. Adams,* 20 Kan. 311; *State v. Kendall,* 56 Kan. 238, 42 Pac. 711; *State v. Maxwell,* 151 Kan. 951, 102 P. 2d 109, and cases therein cited; anno. 128 A. L. R. 1315-1329.)

Touching the fourth ground the record does not disclose the date of the preliminary hearing. The information was filed August 27, 1947. We are informed petitioner's third attorney was appointed for him by the court September 16, 1947. The trial was on September 23, 1947. The journal entry shows all parties announced themselves ready for trial. Records of courts are not set aside upon the unsupported statements of a petitioner for a writ of habeas corpus. (*Cochran v. Amrine,* 153 Kan. 777, 113 P. 2d 1048; *Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147.)

His fifth ground was that the court erred in overruling his motion for new trial. The reasons alleged have been previously stated. The first reason, as already indicated under another point, cannot be sustained as the record of the trial is not before us and the remedy to correct the error, if any, was by appeal. The second and third reasons have already been treated in part. The remaining point that the court denied petitioner's right of appeal is not well taken. Petitioner was not in the custody of the court. There is no evidence whatever before us to support this contention.

With respect to the first portion of the sixth alleged ground for petitioner's release it is sufficient to say G. S. 1947 Supp. 62-1516 does not require that the information state the statute on which the charge is based. Nor is that made a requirement under the provisions of G. S. 1935, 62-1010. (*Lang v. Amrine,* 156 Kan. 382, 133 P. 2d 128.)

G. S. 1947 Supp. 62-1516 does require, among other things, that the journal of the court disclose (a) the statute under which a defendant is charged, and (b) the statute under which sentence is imposed. The instant journal discloses (a) but not (b). Although the journal discloses petitioner's sentence was increased by virtue of three previous felony convictions it does not comply with the other clear requirement with respect to such previous convictions.

Petitioner has not served the sentence which was imposed and is, therefore, not entitled to his release. The sentence is not void as contended by petitioner. The journal is merely incomplete and

should be completed to conform to the requirements of G. S. 1947 Supp. 62-1516. The proper proceeding for the completion of a journal has been clearly outlined in *Wilson v. Hudspeth,* 165 Kan. 666, 668-669, 198 P. 2d 165, under a sentence which was not void but merely incomplete. The directions respecting the proper procedure there stated should be followed in this case.

It will not be necessary for petitioner to return to Montgomery county to attend the proceedings to complete the journal entry. His former counsel in the criminal case or newly appointed counsel by the district court, if petitioner has no counsel of his own choice, should be present to approve the form of the completed journal entry. When it has been completed as indicated herein the judgment of the district court denying the writ will stand affirmed. It is so ordered.