No. 41,679

ALEX HAROLD COX, *Petitioner,* v. TRACY A. HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, *Respondent.*

(347 P. 2d 265)

Opinion filed December 12, 1959.

The petitioner was on the briefs *pro se.*

*J. Richard Foth,* assistant attorney general, argued the cause, and *John Anderson, Jr.,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

Fatzer, J.: In this original proceeding in habeas corpus the petitioner seeks his release from the state penitentiary in which he is presently confined.

The pertinent facts are summarized: Petitioner was tried in the District Court of Sedgwick County, Kansas, for the unlawful possession of marijuana, in violation of G. S. 1949, 21-2311. At the commencement of the trial on May 7, 1956, petitioner was present in person and with his own attorney. At the conclusion of the state's case the trial was continued until ten o'clock the following morning. At the scheduled hour on May 8, 1956, petitioner's attorney appeared but the petitioner, who was at liberty on bond, failed to appear. The trial court waited until 10:30 a. m. and then ordered the petitioner's bond forfeited. At that point in the proceedings, petitioner's attorney rested the defense, the jury was instructed, the state made its opening argument, and petitioner's attorney waived argument. After deliberation, the jury returned its verdict at 11:20 a. m. finding petitioner guilty as charged. The court accepted the verdict of the jury, dismissed it from further consideration of the case and ordered an alias warrant issued for the arrest of the petitioner.

On October 23, 1956, some five months later, the petitioner was arrested on the alias warrant and brought before the trial court. At that time his attorney, with the court's permission, withdrew from the case and the court appointed counsel for the petitioner. On the following day, petitioner's appointed counsel filed a motion for a new trial. The state objected to arguing that motion upon the ground it was filed too late and the court ruled that the petitioner had waived his right to file such a motion by voluntarily absenting himself from May 7, 1956, until his apprehension on October 23, 1956. Thereupon, the court heard evidence of petitioner's two prior felony convictions and sentenced him upon the verdict of guilty to a term of 15 years in the penitentiary pursuant to G. S. 1949, 21-107a.

The petitioner first contends that the trial court, by proceeding with the trial in his absence, lost jurisdiction to accept the verdict of the jury, and to subsequently impose sentence upon him. We do not agree. At the time of his trial, he was free on bond. The state

had concluded its case on the first day of the trial and when the court convened the following day to proceed with the case, he failed to appear. The journal entry of judgment contains an express finding that his absence was voluntary. The predicament of a trial court under these circumstances was considered by this court in *The State v. Way*, 76 Kan. 928, 93 Pac. 159. In its opinion the court made an exhaustive study of the authorities on both sides of the question, and noted the evils which might befall if a defendant, free on bond, could render it impossible to complete the trial merely by departing from the court, and concluded:

> "The question therefore being an open one in this state, the court prefers to follow what is clearly the weight of authority as well as what seems to be the better reason and to decide that the right of the defendant to be present during a felony trial is one that may be waived, and that if while at liberty on bond he is voluntarily absent, without having been excused by the court, when the jury reach an agreement a verdict against him may lawfully be received in his absence." (l. c. 939)

See, also, *The State v. Adams*, 20 Kan. 311, 326. The holding announced in the *Way* case, supra, has been consistently followed in *The State v. Thurston*, 77 Kan. 522, 526, 94 Pac. 1011; *The State v. Bland*, 91 Kan. 160, 136 Pac. 947; *The State v. Stratton*, 103 Kan. 226, 173 Pac. 300; *State v. Fry*, 131 Kan. 277, 291 Pac. 782; *State v. Zakoura*, 145 Kan. 804, 68 P. 2d 11; *State v. Maxwell*, 151 Kan. 951, 958, 102 P. 2d 109. The briefs of the parties, and our limited research on the question, do not disclose a case in which it was held that the voluntary absence of the defendant, who was at liberty on bond at his trial in a felony case, was held to render the proceedings void. In *Jamison v. Hudspeth*, 168 Kan. 565, 213 P. 2d 972, one of the grounds alleged for the issuance of a writ of habeas corpus was that the defendant was not present when the court reconvened the trial following a noon recess, and the jury was conducted to the jury room for further deliberation. The court noted that, as here, the record did not disclose his absence was involuntary and the petitioner having given no reason for his failure to be present at the time set for the court to reconvene, concluded in its opinion:

> ". . . Under such a record petitioner is not entitled to his release by reason of section 10 of our bill of rights or under the provisions of G. S. 1935, 62-1411. Neither would he, under such circumstances, be entitled to a reversal of a judgment of conviction on appeal. (*State v. Adams*, 20 Kan. 311; *State v. Kendall*, 56 Kan. 238, 42 Pac. 711; *State v. Maxwell*, 151 Kan. 951, 102 P. 2d 109, and cases therein cited, anno. 128 A. L. R. 1315-1329.)" (l. c. 566, 567.)

In view of the foregoing, we conclude that the absence of the defendant on May 8, 1956, under the facts and circumstances disclosed by the record, did not affect the right of the court to proceed with the trial, receive the jury verdict, or subsequently impose sentence thereon.

The petitioner next contends his rights were prejudiced by the trial court's delay of approximately one hour between the time his appearance bond was forfeited, and the alias warrant was issued. The contention lacks merit. While the trial court would have been properly justified in issuing an alias warrant for the defendant's arrest at the time his appearance bond was forfeited, it was clearly authorized to do so after it had received the jury's verdict of guilty. The petitioner, having voluntarily absented himself, was in no manner prejudiced by the delay of approximately one hour in issuing the alias warrant. It could have been issued at any time upon application of the county attorney (G. S. 1949, 62-1228).

The petitioner next contends that his attorney of record so improperly conducted his defense as to amount to practically no representation at all. The petitioner argues that his attorney, without authorization from him, and in his absence, rested the defense and waived argument to the jury, which was prejudicial and in lack of concurrence with his defense.

The duty of an attorney to his client in a criminal case was thoroughly examined in *Miller v. Hudspeth,* 164 Kan. 688, 192 P. 2d 147. It was held that, in order to justify the issuance of a writ of habeas corpus, the attorney selected by the defendant must be so incompetent or dishonest, or so improperly conducts the defendant's case as to amount to practically no representation; that mere negligence or incompetence is not enough, and that proof of the attorney's dereliction of duty should be by a clear preponderance of the evidence.

In the case at bar the record indicates that, when it came time to present the case for the defense and the defendant did not appear in court, his attorney rested his case without introducing testimony, and waived oral argument. It is a frequent practice of attorneys who defend persons charged with felony to refrain from placing the defendant upon the stand to offer evidence in his own behalf. These tactics are frequently successful. Whether petitioner's attorney originally planned to conduct the defense in this manner or whether he intended to have the petitioner sworn and testify in his own

behalf, does not appear. The course adopted by petitioner's attorney was one on which "the most astute lawyers might differ." (*Trugillo v. Edmondson*, 176 Kan. 195, 203, 270 P. 2d 219.) In any event, it is difficult to see what other course petitioner's attorney might have taken in the absence of his client.

Petitioner next contends his attorney threatened to withdraw from the case at the close of the first day of the trial because his fee had not been paid. This contention is wholly uncorroborated and does not sustain the burden of proof in a habeas corpus proceeding which would justify the issuance of a writ. Moreover, it affirmatively appears that petitioner's attorney was present in court on the second day of the trial and prepared to continue with the case, and in fact, did so.

It is next contended the trial court abused its discretion in refusing to consider petitioner's motion for a new trial filed on October 24, 1956. At this stage of the proceedings the motion for a new trial was clearly out of time under G. S. 1949, 62-1723. Had the petitioner desired to reserve his right to file a motion for a new trial it was only incumbent upon him to appear before the court when it reconvened on the second day of his trial as he was bound to do under the terms of his recognizance. By voluntarily absenting himself, the petitioner waived his right to be present at the time the verdict was returned, and he cannot now say the court abused its discretion in refusing to consider such a motion, the timely filing of which was dependent upon the date of his conviction. Furthermore, at the time the court refused to hear petitioner's motion for a new trial, he was present in person and by his court-appointed attorney. In refusing to hear that motion and in imposing sentence upon petitioner, the court determined that it had jurisdiction to impose the sentence. If that conclusion was erroneous, which we in no wise infer that it was, petitioner had ample opportunity to appeal. No appeal was perfected and he cannot in this collateral attack upon the validity of the judgment of the court take advantage of his own laches. (23 C. J. S., Criminal Law, § 975, p. 310.)

Finding nothing in the record which would justify the issuance of a writ of habeas corpus, it is the judgment of this court that such a writ be denied.

**It is so ordered.**