No. 43,185

STATE OF KANSAS, *Appellant*, v. JOHN SCHAEFER, *Appellee.*

(375 P. 2d 638)

Opinion filed November 3, 1962.

*Robert M. Brown*, county attorney, argued the cause, and *William M. Ferguson*, attorney general, and *Sherman A. Parks*, assistant county attorney, were with him on the briefs for the appellant.

No appearance for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal by the state from an order of the trial court overruling the state's motion for a mistrial, instructing the jury to return a verdict of not guilty on the principal charge set forth in the information, and discharging the defendant from the charge and the lesser included offenses therein.

An information containing one count charging the defendant with felonious assault under the provisions of G. S. 1949, 21-431, was filed in the district court. The defendant went to trial on the information, and at the conclusion of the evidence the court instructed the jury on the elements of the offense of assault with intent to kill or maim, as defined by section 21-431, and further instructed the jury that it could, if the evidence warranted, find defendant guilty of the

lesser included offense of maiming, wounding or causing great bodily harm, as defined by section 21-435, or the lesser included offense of assault and battery, as defined by section 21-436. The court further instructed the jury that if the facts warranted, the defendant could be convicted of any one of the three offenses, or that the jury could acquit the defendant.

The trial court submitted to the jury six different verdict forms: one of guilty of the charge and one each for the two lesser included offenses thereof, and one of not guilty of the charge and one each for the two lesser included offenses thereof. The court did not submit a separate verdict form of not guilty. The issue squarely presented to the jury under the instructions of the court was whether the defendant was guilty of the offense of assault with intent to kill or maim, or of the two lesser included offenses of causing great bodily harm or assault and battery, or whether he was not guilty.

On May 4, 1962, the jury commenced its deliberation, and at approximately 3:00 p. m. a note was sent to the court by the jury advising that the members of the jury were unable to arrive at a verdict in the case. The jury was then called into the courtroom where the court inquired of the jury foreman whether or not the jury members were unable to arrive at a verdict of guilty on any of the three counts, to which the foreman replied that everyone could not agree on the charge but that they had reached agreement on the first count, which would be the greater offense, and were unable to agree on the two lesser charges. The court then asked if they had voted on the last charge of assault and battery, and the foreman replied this had not been done because it was their understanding from the instructions they were to reach a conclusion on the severest one and then go on to the next one, to which the court replied, "I think you are right." The court then recessed to chambers to discuss the matter with counsel for the respective parties, after which the court decided to instruct the jury to go ahead and consider the lesser charge of assault and battery even though the members of the jury were unable to agree as to guilt or innocence on the second charge of maiming, wounding, or causing great bodily harm.

Thereafter, the jury advised the court by note that it had reached a decision of not guilty on the offense of assault with intent to kill or maim, but that it was unable to reach a decision on either of the two lesser included offenses. The jury returned to the courtroom, and the court confirmed the contents of the note with the jury fore-

man, after which the court, speaking of the greater offense—assault with intent to kill or maim—instructed the jurors to return to the jury room and sign the one verdict of not guilty upon which they had agreed, that of assault with intent to kill or maim.

For the first time during all this procedure the county attorney finally objected on the ground that the verdict as ordered returned constituted acquittal in the case. The county attorney then moved the court to declare a mistrial and discharge the jury for the reason that it was unable to reach a decision in the case. From an order overruling this motion, the state appeals.

After the jury returned its signed verdict of not guilty of the greater charge of assault with intent to kill or maim, defendant moved for his discharge, which was by the court sustained, and defendant was discharged from the principal offense and the lesser included offenses.

At the outset it is obvious that the trial court should have submitted but four forms of verdict: one of guilty on the main charge, one of guilty on each of the two lesser included offenses, and one form of verdict of not guilty in the event the jury failed to find the defendant guilty on either the principal charge or the two lesser included offenses. The submission of the six forms of verdict without the submission of a blank verdict of not guilty was confusing and of a certainty partially misled the jury into the resultant dilemma with which we are here confronted.

When the jury first advised the court that it was unable to arrive at a verdict, the court, in its examination of the jurors, brought out the fact that the members of the jury had reached an agreement on the principal charge and that they were unable to agree upon the first lesser included offense; whereupon, the court advised the jury to vote on the second lesser included offense and directed the jurors to return to the jury room. The jury again advised the court that it was unable to reach a decision on either of the lesser included offenses, and the court then instructed the jury to return to the jury room and sign a verdict of not guilty to the principal charge.

G. S. 1949, 60-2914, provides that a jury may be discharged by the court after they have been kept together until it satisfactorily appears that there is no probability of their agreeing. It appears from the record that the jury was unable to agree on a verdict, and so advised the court by the first note. However, after undue examination of the jury by the court, it was elicited that they had

agreed on a verdict on the principal charge which had not yet been signed, and after they returned to the jury box a second time they again advised the court, under undue examination by it, that they could not reach a verdict on the two lesser included offenses, and at this juncture no verdict had been signed.

Whatever the motive of the court, and we have no doubt it was the best, its inquiry was invading the province of the jury and, in effect, dictating to them their verdict, which is a matter so delicate and important to the rights and liberty of the accused as to not be permitted. We are of the opinion that under the circumstances the proper course in an important criminal case is for the judge to inform the jury that they will be discharged on the ground it appears there is no probability of their agreeing. However praiseworthy the intentions of the trial judge, the language and spirit of our law guard too sacredly against any interference by the judge with the facts in a criminal case or any interference with the findings of the jury to permit the matter here presented to be passed over as a simple irregularity and to become precedent, which in some other case may be abused and lead to serious consequences. Trial courts cannot too strictly observe the line of demarcation between their province and that of the jury in criminal cases.

We are of the opinion that the trial court should have sustained the state's motion to discharge the jury (G. S. 1949, 60-2914) on the ground that it satisfactorily appeared that there was no probability of the jury's agreeing on a verdict.

In view of what has been said, other questions raised become moot. The state's appeal on the question reserved is sustained.