No. 47,777

State of Kansas, *Appellee,* v. Perry G. Fennell, *Appellant.*

(542 P. 2d 686)

Opinion filed November 8, 1975.

*Philip C. Lacey,* of O'Keefe, Ball, O'Keefe and Lacey, of Atchison, argued the cause and was on the brief for the appellant.

*Larry R. Mears,* county attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *J. David Farris,* assistant county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Perry G. Fennell was convicted by a jury of the offenses of aggravated escape from custody (K. S. A. 21-3810) and aggravated assault of a law enforcement officer (K. S. A. 21-3411). By reason of a further escape from custody after his conviction and his incarceration in a penal institution in another state he was sentenced *in absentia.* He now appeals his conviction and the manner in which he was sentenced.

On January 8, 1973, appellant Fennell was confined in the jail of Atchison county as a result of his conviction in that county of the offense of forgery. At noon on this particular day a new sheriff, John Hawk, assumed the duties of that office. About five o'clock p. m. of that day the new officer, clad in coveralls and without wearing any badge or other insignia of his office, came to appellant's cell and brought him and his cellmate their evening meals. Appellant had not been previously acquainted with the new sheriff but his cellmate Dunn was. Sheriff Hawk had the keys to the cell. At about seven o'clock the same evening Dunn, the cellmate, commenced a clamor to be taken out of his cell to make a phone call, calling repeatedly, "Sheriff Hawk." The cellmate kept up his cries until about eight p. m. when Sheriff Hawk appeared on the scene, clad as before, and took Dunn to a telephone. Upon returning to the cell Hawk unlocked and opened the cell door, whereupon he was grabbed from the rear, choked and pummeled by Dunn and while struggling with him was beaten by appellant. The sheriff finally lapsed into unconsciousness. When he came to he was bound and gagged with strips of mattress cover and the two prisoners were gone. Before he became unconscious he heard a voice say, "Play dead, sheriff." The two escapees were recaptured later that night about two miles west of Atchison.

On April 17, 1973, appellant was tried by a jury and convicted of the two offenses in question. On May 7, 1973, during a recess in a

hearing on his motion for new trial appellant jumped through a window in the witness room on the second floor of the Atchison county courthouse and again made his escape from the custody of Atchison county officers.

Appellant was subsequently apprehended in Missouri. The Missouri authorities then turned him over to the state of California, from one of whose penal institutions he had escaped while serving a sentence imposed for escape from custody. This sentence had been imposed prior to appellant's forgery conviction in Kansas.

The record on appeal is not wholly clear but in any event it appears Kansas authorities had become aware of appellant's reincarceration in California by August 1, 1973, because on that date detainers were filed with California prison officials by Kansas correctional officers in connection with appellant's forgery conviction and by Atchison county authorities because of a new escape charge filed as a result of appellant's flight through the window on May 7, 1973.

By an instrument dated August 2, 1973, entitled "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Informations or Complaints," appellant agreed to waive extradition under the agreement on detainers' act. Also, at the same time California authorities agreed in writing to deliver appellant's temporary custody to the state of Kansas. Both of these writings dealt solely with the new charge against appellant for his May 7, 1973, escape. This charge was subsequently dismissed by Atchison county officials, time not shown.

Meanwhile appellant, having pled guilty to his last unauthorized departure from California, remained incarcerated in a California penal institution where he is now serving two concurrent sentences for escapes from custody. These sentences are one of six months to fifteen years and another of six months to five years.

The next event of significance occurred January 16, 1974, at which time the state of Kansas, appellee herein, served notice upon appellant and his Atchison county counsel it was requesting that the trial court proceed with the motion for new trial and sentence appellant *in absentia* on January 21, 1974. Appellant's counsel promptly requested a continuance until appellant could be personally present or in the alternative until counsel could correspond with him. On February 1, 1974, appellant filed *pro se* several instruments in the trial court evincing his desire to be present at his

sentencing and agreeing to waive extradition. On March 26, 1974, he moved to dismiss this entire proceeding for want of speedy trial.

On April 1, 1974, the trial court denied all of appellant's pending requests and motions and imposed sentences upon him. Appellant was not present but appeared only by his counsel. He now appeals from the orders denying his requests and he alleges trial errors as well.

Appellant first complains that at trial the court admitted over his objection evidence of his first California conviction for escape from custody, offered by the state to show "motive, intent and design." Appellee now virtually concedes that in view of our recent decisions on admissibility of evidence of other offenses under K. S. A. 60-455, this conviction was improperly admitted. No issue as to appellant's intent in his actions developed under the evidence in the case. The prior conviction tended to show no more than a propensity or disposition to escape from custody of the law, evidence of which is expressly prohibited by 60-455, and it was not otherwise relevant to any issue in the case. Consequently we must agree with the state's concession that the evidence of the California conviction was erroneously received (*State v. Clingerman*, 213 Kan. 525, 516 P. 2d 1022; *State v. Bly*, 215 Kan. 168, 523 P. 2d 397; *State v. Cross*, 216 Kan. 511, 532 P. 2d 1357). We reiterate the caution contained in *State v. Gunzelman*, 210 Kan. 481, 502 P. 2d 705:

"Evidence of unrelated offenses is generally inadmissible under the statute. The requirements of the statute should be strictly enforced. To justify departure from this general inadmissibility the trial court should conduct a hearing in the absence of the jury to determine probative value as to one or more of the eight elements to which such evidence must be relevant, *i. e.* motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. When in the discretion of the court there is a pattern, similarity or connection between the facts surrounding the prior offense and the one with which the accused is presently charged which has relevance in proving specific matters in issue, the prior conviction may then be admitted." (p. 488.)

The state further asserts that the admission of the evidence of the California conviction should be ruled to be no more than harmless error. Again we agree with the state's position. Erroneous admission of evidence during a trial does not in every instance require reversal of a conviction. In *Bly*, where we held that erroneous reception of evidence of a prior offense did not invalidate the conviction being reviewed, we said:

"A defendant is entitled to a *fair* trial but not a perfect one, for there are no perfect trials. . . . Not every admission of inadmissible evidence can be

considered to be reversible error; instances occur in almost every trial where inadmissible evidence creeps in, usually inadvertently. K. S. A. 60-261 requires the courts of Kansas to disregard any error or defect in the proceeding which does not affect the substantial rights of the parties. This rule known as the harmless error rule applies unless the error is of such a nature as to amount to a denial of substantial justice." (p. 178.)

A relevant factor in determining whether an erroneous admission of evidence is harmless error is the weight of evidence supporting the conviction. Here the state's evidence was uncontradicted inasmuch as appellant chose not to testify nor did he offer any other evidence in his own behalf. He makes no challenge to the evidence supporting the escape conviction and it is that count to which evidence of the California offense was really addressed. He does challenge the sufficiency of the state's evidence on the assault count but only to the extent it did not reveal that the victim was a properly identified law enforcement officer engaged in the performance of his duty, a contention with which we shall presently deal. In other words he makes no challenge to evidence evincing an aggravated assault. We are convinced upon a review of the whole record that the evidence was of such direct and overwhelming nature and showed appellant's guilt of the two offenses charged to such extent that admission of the California conviction could not have affected the result of the trial and therefore its admission must be deemed harmless error.

Appellant's argument respecting the assault is that Sheriff Hawk was a new officer clad in coveralls without insignia of office, had been seen by appellant only twice before the assault and it was not unusual for attorneys to have the keys to cells in the jail and to unlock them for the purpose of talking to their clients. Sheriff Hawk testified without objection that he was sure appellant knew that he was sheriff. Beyond this, the evidence showed that Sheriff Hawk fed appellant and Dunn their evening meals, he had previously been known by Dunn with whom appellant acted in concert in making the assault and effecting the escape, he had the keys to the cell, and during the interval when Dunn requested use of a telephone the latter repeatedly addressed the victim as Sheriff Hawk. There was no indication the sheriff was a lawyer consulting a client.

In *State v. Bradley*, 215 Kan. 642, 527 P. 2d 988, this court stated:

"Under K. S. A. 1973 Supp. 21-3411 an aggravated assault of a law enforcement officer is an aggravated assault, as defined in section 21-3410, committed

against a uniformed or properly identified law enforcement officer while such officer is engaged in the performance of his duty.

"A 'properly identified' law enforcement officer under K. S. A. 1973 Supp. 21-3411 is one who has been identified in such a manner to the defendant that he reasonably should know him to be a law enforcement officer.

"To sustain a conviction under K. S. A. 1973 Supp. 21-3411, proscribing an aggravated assault upon a law enforcement officer in the performance of his duty, it is not necessary that the state prove the defendant had actual knowledge that the person assaulted was a law enforcement officer.

"An officer-victim under K. S. A. 1973 Supp. 21-3411, proscribing an aggravated assault upon a law enforcement officer engaged in the performance of his duty, need not personally identify himself as a law enforcement officer to the defendant. The statute merely requires that the officer-victim be properly identified without designating the method." (Syl. ¶¶ 1, 2, 3, & 4.)

Viewing the evidence in the light of the foregoing it clearly shows that at the time of the assault Sheriff Hawk was a "properly identified law enforcement officer . . . engaged in the performance of his duty."

Appellant asserts the trial court erred in refusing to give the second paragraph of PIK Criminal 52.16, stating that the defendant should not be found guilty unless the facts and circumstances proved exclude every reasonable theory of innocence. The court did give the first paragraph of that instruction, which defines circumstantial or indirect evidence, and it also gave instructions to the jury on the burden of proof, the presumption of innocence and the rule of reasonable doubt. In *State v. Wilkins*, 215 Kan. 145, 523 P. 2d 728, we held such an instruction as requested here is unnecessary when a proper instruction on reasonable doubt is given. Appellant's contention of error has no merit.

Appellant further asserts the court erred in the verdict forms submitted to the jury. Following the guidelines of PIK Criminal 68.10 six separate forms were submitted. These included guilty of count 1 (aggravated escape from custody); not guilty of count 1; guilty of count 2 (aggravated assault upon a law enforcement officer); not guilty of count 2; and two forms of guilty of the lesser included offenses under count 2 of assault upon a law enforcement officer and assault. Appellant contends there should also have been not guilty forms of verdict submitted for the two lesser included offenses, or a total of eight verdict forms. Not so. The verdict forms prescribed in PIK Criminal 68.10 are designed to eliminate confusion when lesser included offenses are submitted to a jury along with the principal charge in the case, and are in precise

accord with our holding in *State v. Schaefer,* 190 Kan. 479, 375 P. 2d 638. There, as here, the defendant was charged with a principal count which contained two lesser included offenses. The trial court submitted six verdict forms to the jury, three of "guilty" and three of "not guilty," just as appellant wanted done in this case. In branding this practice as confusing and partially misleading to a jury this court said:

". . . [I]t is obvious that the trial court should have submitted but four forms of verdict: one of guilty on the main charge, one of guilty on each of the two lesser included offenses, and one form of verdict of not guilty in the event the jury failed to find the defendant guilty on either the principal charge or the two lesser included offenses." (p. 481.)

A more serious question is presented in appellant's assertion that sentence was illegally imposed upon him because he was not then personally present. The right to be present at the time sentence or judgment is pronounced has been said to be a common law right, separate and apart from the constitutional or statutory right to be present at the trial (*Joseph, Pierce v. State,* 236 Ind. 529, 141 N. E. 2d 109, 69 A. L. R. 2d 824). The matter is codified by K. S. A. 22-3405, which provides:

"*Presence of defendant.* (1) The defendant in a felony case shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by law. In prosecutions for crimes not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict. . . ."

Subsection (2) makes provision for the presence of a defendant at a misdemeanor trial either personally or by counsel.

K. S. A. 22-3422 provides:

"*Allocution.* When the defendant appears for judgment, he must be informed by the court of the verdict of the jury, or the finding of the court and asked whether he has any legal cause to show why judgment should not be rendered. If none is shown the court shall pronounce judgment against the defendant."

And K. S. A. 22-3424 (4) states:

". . . Before imposing sentence the court shall afford counsel an opportunity to speak on behalf of the defendant and shall address the defendant personally and ask him if he wishes to make a statement on his own behalf and to present any evidence in mitigation of punishment."

Our cases construing the predecessor of K. S. A. 22-3405 have held that a defendant convicted of a felony must be personally

present at the time sentence is pronounced (*Roberts v. State,* 197 Kan. 687, 421 P. 2d 48; *Aeby v. State,* 199 Kan. 123, 427 P. 2d 453). Here, these further questions remain, Can the right be waived, and, if so, has appellant by his conduct waived the requirement?

The authorities elsewhere as to the legal effect of the voluntary absence of an accused when sentence is pronounced are divided. One line of cases holds that an accused waives his right to be present when he willfully absents himself at the time sentence is to be pronounced. Another line holds an accused cannot waive this right, even by his voluntary or willful absence (see anno. 6 A. L. R. 2d 997, and later case service). Generally, it may be said that most rights, even those constitutional, can within limitations be waived. K. S. A. 22-3405 is modeled after rule No. 43 of the Federal Rules of Criminal Procedure. In interpreting this rule in *United States v. Brown,* 456 F. 2d 1112 (1972) the federal court said:

". . . a defendant *must* be present at sentencing. Only in the most extraordinary circumstances, and where it would otherwise work an injustice, should a court sentence a defendant *in absentia,* and then only under appropriate safeguards, as where the defendant has expressly waived his right to be present either by sworn affidavit or in open court for the record." (p. 1114.)

The federal view appears sound. In *State v. Kelly,* 213 Kan. 237, 515 P. 2d 1030, we recognized two purposes for a defendant's presence at sentencing: First, so that the defendant may be taken into custody immediately for execution of the sentence—this purpose being one primarily for the state's benefit; and, second, so that the defendant may exercise his right of allocution—this primarily for the benefit of the accused. Therefore, the requirement for a defendant's presence being for the benefit of both parties, we concluded "While the statute is 'mandatory' in the sense that either party may demand compliance, it is no more jurisdictional than the many other constitutional and statutory mandates which may be waived by a party for whose benefit they were fashioned." (p. 243.)

The state argues that since appellant voluntarily absented himself from the Atchison county courthouse and was subsequently incarcerated in California, he has waived all right to be present at sentencing. For its position appellee relies principally on *State v. Kelly,* supra, and *Cox v. Hand,* 185 Kan. 780, 347 P. 2d 265. Neither case sustains the state's position. In *Cox* the accused absented himself at the conclusion of the state's presentation of evidence in his trial. The trial proceeded through rendition of a verdict of guilty

in his absence.  Later accused was apprehended, brought before the trial court and sentenced.  The thrust of his attack upon this sentence was that the trial court, by proceeding with the trial in his absence, had lost jurisdiction to accept the jury's verdict and subsequently to impose sentence upon him.  This court ruled against Cox's contention, relying on *State v. Way*, 76 Kan. 928, 93 Pac. 159, wherein this court made an exhaustive study of the authorities on both sides of the question and noted the evils which might befall if a defendant could frustrate a trial in progress merely by departing from the court.  The holding in *Cox* is not authority for the proposition that sentence may be imposed *in absentia* upon a defendant who has voluntarily absented himself during a part of the trial up to and including rendition of the verdict, for the reason that the accused in *Cox* was personally present when sentenced.

Nor does our holding in *Kelly* go so far as the state contends. There the defendant, who was charged with a *misdemeanor*, retained counsel to represent him, advised counsel he would not be present at the trial, executed an appeal bond and furnished it to counsel and then left the jurisdiction of the court.  He was tried upon facts stipulated to by his counsel, was convicted and sentenced *in absentia*.  Twelve years later he sought to void the judgment because he had not been personally present when sentence was pronounced.  This court held he had effectively waived his right to be personally present at trial and at imposition of sentence.

It is true appellant here absented himself willfully at a time when he normally would have been sentenced.  It is also true, however, that at and prior to the time he was sentenced his whereabouts were known and he was expressly requesting, *pro se* and through his counsel, the right to be present at his sentencing.  This position was maintained up to the very moment he was sentenced.  No effort was made by the state to return appellant for sentencing. Under these circumstances it can scarcely be maintained that at the time of sentencing he had waived his right to be personally present and we so hold.  Consequently the sentence pronounced upon appellant is void.  His conviction remains valid.  A void sentence may be corrected by imposition of a valid one.  The proper procedure is to secure appellant's return from California authorities as and when that can be accomplished and resentence him while he is personally present.

Appellant makes the further assertion the court erred in denying his motion to dismiss for failing to afford him a speedy trial.  In

support defendant relies on his "Inmate's Notice of Place of Imprisonment and Request for Disposition of Indictments, Informations or Complaints" dated August 2, 1973. This instrument specifically requested that disposition be made of "Warrant No. 16095 charging escape from custody of the Sheriff of Atchison County, Kansas on May 7, 1973." That charge was subsequently dismissed and there remained no other untried indictments, informations or complaints against appellant in which either the "Notice" or California's agreement to deliver could apply. On that basis, appellant's motion was properly denied. Apart from this, and assuming without deciding that the right of speedy trial encompasses the right to be sentenced without unreasonable delay, we see no unconstitutional denial of rights under the "balancing" procedure first outlined in *Barker v. Wingo,* 407 U. S. 514, 33 L. ed. 2d 101, 92 S. Ct. 2182. See also *State v. Otero,* 210 Kan. 530, 502 P. 2d 763.

Other matters raised by appellant need not be considered at this time in view of the disposition already announced.

The judgment insofar as it pertains to appellant's conviction is affirmed; it is reversed insofar as it pertains to sentencing and the cause is remanded to the trial court for further proceedings in accord with the views herein expressed.

APPROVED BY THE COURT.

MILLER, J., not participating.