(969 P.2d 905)

No. 79,635

STATE OF KANSAS, *Appellee*, v. GLENN E. SIMPSON, *Appellant*.

—

Opinion filed November 13, 1998.

*James Brent Getty*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*William E. Kennedy III*, county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before RULON, P.J., PIERRON and MARQUARDT, JJ.

PIERRON, J: Glenn E. Simpson appeals his sentence for one count of attempted voluntary manslaughter. Pursuant to K.S.A. 22-3405, Simpson argues the district court violated his right to be present at sentencing.

Simpson pled guilty to attempted voluntary manslaughter, a crime severity level 5 felony. He was sentenced to a presumptive sentence of 32 months' incarceration. The district court also pronounced a postrelease supervision period of 24 months. Subsequently, the Department of Corrections notified the district court that the postrelease supervision period for a crime severity level 5 felony is 36 months and that the court had incorrectly given Simpson 24 months' postrelease supervision. The district court held a hearing with only the State present and entered a nunc pro tunc order increasing Simpson's postrelease supervision period to 36 months.

The State argues the correction of the defendant's sentence from 24 months' to 36 months' postrelease supervision was purely a matter of law and, therefore, the defendant's presence was not required at the hearing. We disagree and note that the State cites no specific authority for its proposition.

"The right to be present at the time sentence or judgment is pronounced has been said to be a common law right, separate and apart from the constitutional or statutory right to be present at the trial." *State v. Fennell*, 218 Kan. 170, 176, 542 P.2d 686 (1975) (citing *Joseph, Pierce v. State*, 236 Ind. 529, 141 N.E.2d 109, 69 A.L.R.2d 824). The matter is codified by K.S.A. 22- 3405, which provides, in part: "The defendant in a felony case shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by law."

Simpson had a right to be present at the hearing when the district court changed the postlease supervision from 24 months to 36 months. There is no evidence in the record of any waiver of this right by the defendant. See *State v. Kelly*, 213 Kan. 237, 243, 515 P.2d 1030 (1973).

Reversed and remanded for sentencing with the defendant present, unless he waives that right.