NOT DESIGNATED FOR PUBLICATION

Nos. 120,568
120,569
120,570
120,571

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANNY EDWARD COLEMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed May 22, 2020. Affirmed.

*Brenda J. Clary*, of Law Office of Brenda J. Clary, of Lawrence, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., POWELL and SCHROEDER, JJ.

PER CURIAM:  As part of a plea agreement with the State involving nine separate cases, Danny Edward Coleman pled no contest to a variety of charges in seven of them. Four of the cases involved only misdemeanor charges. In exchange for Coleman's plea, the State dismissed the remaining two cases. At his sentencing hearing, Coleman asked to leave the hearing. The district court granted his request and sentenced Coleman in his

1

absence. Coleman previously appealed his felony sentences in *State v. Coleman*, No. 120,224, 2019 WL 6334319 (Kan. App. 2019) (unpublished case). Coleman now appeals his sentences in his four misdemeanor cases, arguing his right to be present was violated. Because Coleman voluntarily absented himself from his sentencing hearing, we hold the district court did not err in sentencing Coleman in his absence. Thus, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Some of the relevant facts of this case are taken from Coleman's previous appeal of his felony sentences.

"To resolve nine open cases, Coleman and the State reached a global plea agreement as follows:

- "In case number 16CR688, Coleman was charge with aggravated robbery. He pled no contest to an amended charge of misdemeanor battery.

- "In case number 16CR76, Coleman was charged with felony theft and interference with a law enforcement officer. He pled no contest to felony theft. The State dismissed the other charge.

- "In case number 16CR616, Coleman was charged with possession of methamphetamine, possession of marijuana, interference with a law enforcement officer, and possession of drug paraphernalia. He pled no contest to possession of methamphetamine and possession of marijuana, both felonies. The State dismissed the other charges.

- "In case number 16CR921, Coleman was charged with and pled no contest to misdemeanor theft.

2

- "In case number 16CR1051, Coleman was charged with unlawful use of a credit card, theft of property, and forgery. He pled no contest to misdemeanor theft. The State dismissed the other two counts.

- "In case number 16CR1128, Coleman was charged with and pled no contest to aggravated escape from custody, a felony.

- "In case number 15TR4657, Coleman was charged with driving while suspended and driving with illegal registration. The State dismissed that case.

- "In case number 16CR819, Coleman was charged with interference with a law enforcement officer and possession of drug paraphernalia. The State dismissed that case.

- "In case number 12CR646, Coleman had been convicted of three counts of [misdemeanor] criminal damage to property. He admitted to violating his probation conditions." 2019 WL 6334319, at *1.

In May 2018, and prior to his sentencing, Coleman filed a motion to withdraw his plea. When the hearing was held on Coleman's motion, although Coleman's counsel was present, Coleman refused to leave his jail cell for the hearing. Upon learning this, the district court dismissed the plea withdrawal motion due to Coleman's unwillingness to be present for his motion.

At Coleman's sentencing hearing, Coleman was initially present, but after counsel entered their appearances, Coleman informed the district court he felt rushed and was not ready to proceed with sentencing. Coleman's counsel asked the district court to continue the hearing until the next day to give him more time to prepare Coleman for the sentencing. Coleman informed the district court his counsel spoke too fast for him to understand. The district court denied the continuance request and asked the State to provide its sentencing recommendations.

3

The following exchange occurred in the courtroom:

"COURT SECURITY:  Mr. Coleman's asking to withdraw from the courtroom.

"THE COURT:  Mr. Coleman, you need to address me. Tell me what you want.

"THE DEFENDANT:  I'm ready. If this guy can't slow down for me . . . [.]

. . . .

"THE DEFENDANT:  I'm ready, Your Honor. I'm just—I'm going to flip out.

. . . .

"THE COURT:  Do you—do you just want to go back to the jail at this point?

"THE DEFENDANT:  Yeah.

"THE COURT:  You don't want to hear what the sentence is?

"THE DEFENDANT:  I don't care. You can sentence me without me here.

"THE COURT:  Well, I can. If you're voluntarily asking to leave . . . [.]

"THE DEFENDANT:  I am. I'm ready.

"THE COURT:  Okay. Then you can take him back."

Once Coleman left the courtroom, the district court imposed his sentences.

Coleman now appeals the sentences in his misdemeanor cases, which have been consolidated for this appeal:  16CR688 (misdemeanor battery), 16CR921 (misdemeanor

4

theft), 16CR1051 (misdemeanor theft), and 12CR646 (probation violation on three counts of misdemeanor criminal damage to property).

### DID THE DISTRICT COURT IMPROPERLY SENTENCE COLEMAN IN HIS ABSENCE?

On appeal, Coleman argues the district court improperly sentenced him in absentia. While he concedes that a district court may sentence a defendant for a misdemeanor offense when the defendant is present only by counsel, Coleman argues the district court erred here by sentencing him in his absence in both his misdemeanor and felony cases at the same time because his misdemeanor sentences necessarily constituted a portion of the felony sentence. The State counters that nothing in the record suggests Coleman's convictions are so connected that his absence from his misdemeanor sentencing affected his right to be present for his felony sentences. The State also argues that Coleman waived his right to be present for his sentencing.

Questions that require statutory interpretation and constitutional analysis raise legal questions and are subject to de novo review. *State v. Engelhardt*, 280 Kan. 113, 121, 119 P.3d 1148 (2005).

As Coleman concedes, the district court was permitted to sentence Coleman in his misdemeanor cases despite his absence because his counsel was present. See K.S.A. 2019 Supp. 22-3405(b) ("The defendant must be present, either personally or by counsel, at every stage of the trial of . . . misdemeanor cases."); *State v. Kelly*, 213 Kan. 237, 242, 515 P.2d 1030 (1973). At first blush then, given the presence of Coleman's counsel, we see no error in the district court's imposition of Coleman's misdemeanor sentences despite his absence.

However, in a felony case, a defendant must be present for "the imposition of sentence, except as otherwise provided by law." K.S.A. 2019 Supp. 22-3405(a). "The

5

right to be present at the time sentence or judgment is pronounced has been said to be a common law right, separate and apart from the constitutional or statutory right to be present at the trial." *State v. Fennell*, 218 Kan. 170, 176, 542 P.2d 686 (1975). Only in certain circumstances where the defendant has expressly waived his right to be present by affidavit or on the record in open court may a court sentence a defendant when he is not present. 218 Kan. at 177; see *United States v. Brown*, 456 F.2d 1112, 1114 (5th Cir. 1972). "Absent a waiver, a sentence imposed outside the defendant's presence is void." *State v. Baldwin*, 37 Kan. App. 2d 140, 143, 150 P.3d 325 (2007).

Given the different rules regarding misdemeanor and felony sentencings, Coleman attempts to argue that his rights were still violated because his misdemeanor and felony sentences are so intertwined that due process required the misdemeanor sentencing, like the felony sentencing, to be done in his presence. The State contends Coleman is barred from making this argument because he never raised it before the district court. Absent certain exceptions, a party cannot raise an issue for the first time on appeal. To do so, the party asserting an issue for the first time must invoke an exception to that general rule. Failure to do so results in the argument being deemed waived or abandoned. See *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015).

We choose to sidestep the issue of whether Coleman properly preserved this argument because even if we assume that Coleman has properly preserved this issue for our review and is correct that his misdemeanor sentencing should have been conducted like a felony sentencing, we agree with the State that Coleman waived his right to be present at his sentencing.

At the beginning of the sentencing hearing, Coleman informed the district court he wanted to leave the courtroom. Coleman also told the district court he did not care what his sentences would be and he could be sentenced without being there. The district court

told Coleman it was going to sentence him. When the district court asked Coleman if he was voluntarily asking to leave, Coleman said, "I am. I'm ready."

Based on the transcript of the sentencing hearing, we have no trouble concluding Coleman affirmatively and voluntarily waived his right to be present at his sentencing. Coleman had no interest in listening to his sentence and stated he wanted to go back to jail. As this was not the first time Coleman had refused to be present during court proceedings, we hold Coleman's right to be present at his sentencing was not violated.

Affirmed.