No. 37,135

ELGIN EUGENE LEACH, *Petitioner*, v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*.

(198 P. 2d 171)

Opinion filed October 9, 1948.

*William C. Karnazes,* of Kansas City, argued the cause for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

HOCH, J.: In an original proceeding in habeas corpus the petitioner, E. E. Leach, seeks release from the state penitentiary where he is serving a sentence for a period of not less than fifteen years for an attempt to commit the abominable crime against nature upon the person of an eight-year-old girl. Sentence was imposed under the habitual criminal act. (G. S. 1947 Supp., 21-107a.)

Upon the filing of a lengthy petition for the writ, the state filed a motion to make more definite and certain, which motion was allowed. The petitioner thereupon filed on May 11, 1948, an amended petition which consisted largely of general statements and charges. To this amended petition the state filed its answer. Thereafter and upon June 14, 1948, Mr. William C. Karnazes, a reputable practicing attorney of Kansas City, Kan., was appointed by this court to represent the petitioner. Thereafter Mr. Karnazes filed an abstract and extensive brief in petitioner's behalf and argued the case orally on July 6, 1948.

No useful purpose would be served in reciting the lengthy allegations of the petition for the writ. They consist in most part of repetitious statements; that the petitioner was denied due process of law; that he was prosecuted without having been indicted by a grand jury; that he is imprisoned in violation of the constitution of the United States; that he was denied counsel in the district court of Shawnee county, Kansas; that he was not properly represented by counsel; that he was denied a fair and impartial trial; that the information upon which he was tried was improperly drawn; that he was held in jail and in custody seven months; that while awaiting trial in Shawnee county he was coerced and given very little to eat, for the purpose of getting him to plead guilty, et cetera.

Counsel for petitioner states that after conferences with the petitioner and after considering fully every allegation which he makes, it appears that the only contentions which present any grounds for consideration are that he was prosecuted on information rather than after indictment by a grand jury; that he was not properly repre-

sented by counsel; that he was coerced in an attempt to get him to plead guilty, and that the journal entry of judgment and sentence does not comply with the statute. After careful examination of the record we share that view. Other allegations, general in nature and with no evidence submitted in their support, do not require attention.

Petitioner was convicted in the district court of Shawnee county, Kansas, on June 29, 1932, of first-degree robbery and was sentenced to the penitentiary for a term of not less than ten nor more than twenty-one years. On October 6, 1942, he was paroled by action of the board of administration which was approved by the governor on October 22, 1942. While on parole he was convicted in Wyandotte county, as hereinbefore stated. A conditional pardon which had been issued by the governor on June 31, 1941, pursuant to G. S. 1935, 62-2215, was revoked and, upon the governor's warrant, issued on May 2, 1942, he was apprehended and reconfined in the penitentiary on December 5, 1945, pursuant to G. S. 1935, 62-1528.

Petitioner was brought to trial in Wyandotte county on October 8, 1945, on an information in which he was charged with having committed "the detestable and abominable crime against nature" on the person of a girl eight years of age. The defendant appeared in person and by his attorneys, David F. Carson and Thomas C. Lysaught, experienced attorneys in good standing in Wyandotte county. Having waived the reading of the information and the arraignment, the defendant pleaded not guilty and a jury was duly impaneled to hear the cause. The trial proceeded through October 8, 9, 10 and 11, on which latter date the jury returned a verdict of "guilty of an attempt to commit the detestable and abominable crime against nature." Motion for a new trial was filed and was overruled on November 10, 1945, the state appearing by George Thomas, deputy county attorney of Wyandotte county, and by Arthur J. Stanley, Jr., special prosecutor; the defendant appearing in person and by his attorneys above named. Thereafter and on November 14, 1945, the cause came on regularly for further hearing, the state again appearing by the same parties, and the defendant appearing in person and by the two attorneys named. Thereupon the state introduced evidence that on December 15, 1924, defendant had pleaded guilty of manslaughter in the second degree in the district court of Cowley county, Kansas, and on June 29, 1932, had pleaded guilty of the charge of robbery in the first degree, in the

district court of Shawnee county. The defendant then in open court admitted his identity as the defendant named in the state's exhibits evidencing such pleas of guilty. The court then having found from the records and other competent evidence that the defendant had twice previously been convicted of a felony, and that the verdict in the instant case constituted a conviction of a third felony, found that judgment and sentence should be imposed pursuant to the provisions of G. S. 1943 Supp., 21-107a. The defendant then was brought before the court and asked if he had any reason to urge why sentence should not be then imposed upon him, and in reply stated that he was not guilty of the charge. Defendant was then sentenced to confinement in the state penitentiary for a period of not less than fifteen years.

Petitioner's first contention is that his incarceration is unlawful for the reason that he was prosecuted upon information filed by the county attorney, rather than upon indictment by a grand jury. This question was considered and determined adversely to petitioner's contention in the recent case of *Bailey v. Hudspeth*, 164 Kan. 600, 191 P. 2d 894.

A large part of defendant's instant petition is devoted to alleged irregularities in connection with his trial and conviction in Shawnee county on the charge of first-degree robbery. Attention need not be given to those allegations, even if they were supported by any evidence, which they are not, since petitioner is not now confined in the penitentiary under a sentence for conviction in Shawnee county. The maximum term of confinement under that charge expired May 19, 1948.

Petitioner's next contention is that he was not properly represented by counsel. The record conclusively disproves this allegation. Throughout the trial he was actively represented at every stage of the proceeding by the able attorneys heretofore named. The petitioner's principal contention on this point is that the attorneys did not seek to quash the information on the ground that he could not be tried except upon indictment by the grand jury. This matter requires no further comment.

Petitioner's contention that he was coerced in an effort to get him to plead guilty is wholly without support by any evidence. Part of petitioner's contentions in this regard appears to relate to trial in Shawnee county, at which he was convicted on the charge of robbery in the first degree, and which, as heretofore noted, is not here in-

volved. The state has submitted the affidavits of Arthur J. Stanley, Jr., member of the bar of Wyandotte county, Kansas, narrating the circumstances under which he was named as special prosecutor in the case, and denying categorically and in detail that at any time he attempted to force the petitioner to plead guilty or that he used any methods of coercion, duress or threats; that all discussions relating to the possibility that he might plead guilty were had with the petitioner's attorneys and not with the petitioner himself; that S. M. Terbovich, the then county attorney of Wyandotte county, had at no time refused to prosecute the petitioner as the latter alleges, but that he coöperated with the affiant throughout the prosecution of the case and that George Thomas, the deputy county attorney of Wyandotte county, was assigned by Mr. Terbovich to assist in the prosecution and participated throughout the preliminary hearing and the trial; that the petitioner's attorneys were diligent and industrious in their preparation of the case and the trial; that the original charges consisted of three counts involving three young girls and that in the conviction only of an *attempt* to commit the offense, the petitioner's attorneys were at least partially successful in their efforts in behalf of their client; that neither before nor during the trial were there any signs of the use of pressure, coercion or threats against the defendant. The state also submits affidavits of petitioner's attorneys, David F. Carson and Thomas C. Lysaught, which set out in full their knowledge concerning matters before and during the trial and in which the allegations of the petitioner are specifically and categorically denied in every particular. The state also submits the affidavit of. L. D. Wiard, who was the deputy sheriff of Wyandotte county during the time here involved, in which are set forth the circumstances connected with an investigation which he made upon direction of the sheriff of Wyandotte county, which investigation resulted in his signing a complaint charging Leach on three counts of the crime against nature, involving girls eight, ten, and eleven years of age, respectively. In his affidavit the affiant, Wiard, further refutes other allegations now made by petitioner. The petitioner offers no evidence in support of his general and uncorroborated allegations of coercion.

Lastly, petitioner contends, in substance, that his conviction and sentence were invalid for the reason that the journal entry does not recite the sections of the statutes under which he was convicted and sentenced, and that the statute numbers under which he was charged were not recited in the information.

The petitioner was properly sentenced. The crime charged in the information is defined in G. S. 1935, 21-907, and the punishment is therein prescribed as confinement at hard labor not exceeding ten years. G. S. 1935, 21-101, deals with attempts to commit crimes and under the provisions of paragraph second, here applicable, the defendant would have been subject to a sentence of not more than five years if it were not for the two prior convictions for felonies.

G. S. 1943 Supp., 21-107a, then and still in effect, provides that every person "convicted a third time of felony, . . . shall be confined in the penitentiary for a period of not less than fifteen years." Such sentence can be imposed only upon a finding by the court "from the record and other competent evidence" that the defendant has been so formerly convicted of a felony. As already noted, the trial court did so find in this case that the defendant had been twice theretofore convicted of a felony and the journal entry specifically recites that the judgment and sentence were imposed, pursuant to the provisions of section 21-107a.

G. S. 1947 Supp., 62-1516 (Laws 1941, ch. 291), provides *inter alia:*

"When judgment is rendered, or sentence of imprisonment is imposed, upon a plea or verdict of guilty, a record thereof shall be made upon the journal of the court, which record among other things shall contain a statement of the offense charged, and under what statute; the plea or verdict and the judgment rendered or sentence imposed, and under what statute, . . . It shall be the duty of the court personally to examine with care the entry prepared for the journal, or the journal when written up, and to sign the same and to certify to the correctness thereof."

The obvious purpose of this statute is to provide, for future examination and other such purposes, a complete and detailed record of the matters referred to in the statute. We have heretofore held that an information is not invalid for the sole reason that it fails to recite the section number or numbers of the statutes under which the defendant is prosecuted. (*Lang v. Amrine,* 156 Kan. 382, 383, 133 P. 2d 128.)

The information in the instant case definitely advised the defendant as to the nature of the charge against him. (G. S. 1935, 62-1010, 62-1011.)

While the journal entry of judgment and sentence in the instant case recites, as heretofore noted, the statute under which sentence was imposed, it is defective in that it does not recite the statute under which the defendant was charged, or the statute under which

the verdict was returned. These defects in no way affect the validity of the conviction and of the sentence. However, the attention of the attorney general is hereby called to these defects, with direction that action be taken in the manner set forth in the case of *Wilson v. Hudspeth,* 165 Kan. 666, this day decided, in order that the journal entry be completed in conformity with the statute.

The writ is denied.