No. 37,507

JESS NEWMAN, *Petitioner*, v. ROBERT H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent*.

(199 P. 2d 810)

Opinion filed November 30, 1948.

Jess Newman, *pro se.*

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *Edward F. Arn,* attorney general, was with him on the briefs for the respondent.

The opinion of the court was delivered by

PARKER, J.: Jess Newman was charged by information in the district court of Kingman county with the crime of grand larceny, namely, the theft of domestic fowls in the nighttime in violation of G. S. 1935, 21-533. Upon arraignment he admitted commission of the offense charged against him and announced he desired to enter a plea of guilty thereto. Thereupon he was sentenced by the district court for the commission of the admitted crime as an habitual criminal to the state penitentiary for a term of twenty-

five years. He now seeks relief in this habeas corpus proceeding charging (1) that he was sentenced without having been legally convicted of a crime; (2) that he entered his plea of guilty in the absence of and without the knowledge of his attorney; (3) that he was sentenced as an habitual criminal without competent proof of prior convictions, and (4) that his sentence of twenty-five years was illegal.

Although more general in nature petitioner's first claim is predicated upon the same factual basis as his second. For that reason they will be considered jointly. Upon examination of the record we find nothing in either to justify the issuance of a writ. On the date his case was called for trial petitioner, who was twenty-four years old and does not assert any mental incompetency, had executed and caused to be filed in the office of the clerk of the district court the following written instrument:

"Now on this 4th day of April, 1946, I, Jess Newman, being of lawful age and of sound mind, do hereby state of my own volition that I have consulted with my attorney, Robert Blaze, and that I am ready and willing and desire to make my appearance in the above entitled court on this day above written, in the absence of my attorney and hereby waive all rights to representation by an attorney in the above entitled court."

Moreover, and notwithstanding the execution of his waiver, he was interrogated by the trial judge with respect to the absence of his attorney and stated he had consulted with him, had been advised of his rights, and was ready and willing to have his case disposed of without his being present. In addition it appears from statements made by such counsel after sentence that he understood petitioner was to plead guilty in his absence, that he had not planned on being present when such plea was entered and that the only thing causing him surprise was the severity of the sentence imposed by the court. Obviously, in view of the foregoing facts petitioner cannot now be heard to say he is unlawfully restrained of his liberty because he was not legally convicted.

Petitioner was sentenced under the provisions of G. S. 1947 Supp. 21-107a upon evidence disclosing three former convictions of felony the punishment of each of which was confinement in the penitentiary. He does not deny such convictions and rests his cause upon the single point the evidence submitted to the trial court of their existence was incompetent. This contention does not justify the

issuance of a writ. See *Childs v. Amrine,* 155 Kan. 383, 125 P. 2d 349, where in disposing of a similar claim, we said:

". . . If incompetent evidence was introduced on the trial the remedy was by timely appeal. Habeas corpus is not a substitute for an appeal as a means of correcting alleged trial errors or irregularities. (*Levell v. Simpson,* 142 Kan. 892, 52 P. 2d 372)." (p. 384.)

As his fourth and final ground for release in habeas corpus petitioner asserts that under the provisions of section 1, chapter 178, Laws of 1939, now G. S. 1947 Supp. 21-107*a,* the district court did not possess the power to sentence him to confinement in the penitentiary for a term of twenty-five years upon his plea of guilty. Our decisions on this point are to the contrary. In *Fitzgerald v. Amrine,* 154 Kan. 209, 117 P. 2d 582, we held:

"Under G. S. 1935, 21-109, the provision for a minimum sentence of not less than fifteen years in G. S. 1939 Supp. 21-107a, construed to allow sentence for life or for any number of years not less than the prescribed minimum." (Syl.)

To the same effect is *State v. Liebeno,* 163 Kan. 421, 182 P. 2d 419. The writ is denied.