No. 37,344

MONTFORD R. ALDRICH, *Petitioner,* v. R. H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(203 P. 2d 135)

Opinion filed March 5, 1949.

*Charles W. Lowder,* of Kansas City, argued the cause for the petitioner.

*Edward F. Arn,* attorney general, and *H. R. Fatzer,* assistant attorney general, were on the briefs for the respondent.

The opinion of the court was delivered by

THIELE, J.: This is an original proceeding in habeas corpus in which the petitioner seeks his release from the state penitentiary, contending that the judgment of his conviction was void and his sentence illegal.

There is no dispute of fact involved. Unless otherwise noted all references to the statutes are to G. S. 1935.

The record discloses that the information on which petitioner was tried on October 4, 1945, contained two counts, the first charging burglary in the second degree as denounced by 21-520, and the second charging larceny as denounced by 21-533. It is here noted that the penalty imposed for conviction of the first offense is not less than five nor more than ten years (21-523) and of the second offense not exceeding five years (21-534). The petitioner, who was represented by counsel, entered his plea of guilty to both counts. The state offered evidence of two previous convictions of felonies, the petitioner admitted the facts, and after proper inquiries had been made by the trial court, petitioner was sentenced for a term of not less than thirty years on both counts, the sentences to run concurrently and to run concurrently with any other sentences that were to be served by petitioner at that time.

It is here noted that the journal entry of the judgment and sentence made appropriate reference to the statutes under which petitioner was charged, but made no reference to the statutes under which he was sentenced, nor did it set out any of the particulars concerning the previous convictions as required by G. S. 1945 Supp. 62-1516.

No appeal was taken by petitioner and he was committed to the state penitentiary.

Under date of April 20, 1948, the petition in the instant case was filed. Thereafter and under date of July 30, 1948, the county attorney filed a motion for an order *nunc pro tunc* to correct the journal entry of judgment to show the sections of the statute under which sentence was imposed. Notice of the motion was properly given and on August 11, 1948, the trial court found that defendant was duly sentenced under the provisions of and in accordance with 21-107a as amended by Laws 1939, ch. 178, § 1, (G. S. 1945 Supp. 21-107a) but through oversight reference thereto was omitted in the journal entry and it ordered that a journal entry *nunc pro tunc* be filed setting forth the statutes under which the sentence was imposed, and such an entry was filed upon the same day. It stated that sentence was imposed under the authority of and in compliance with the provisions of the statute last mentioned.

The gist of petitioner's contentions seem to be that because the journal entry of judgment, either as originally entered or as cor-

rected *nunc pro tunc,* does not contain a statement of each and every matter provided in G. S. 1945 Supp. 62-1516, the judgment of the court and the sentence imposed are null and void. That contention is not good. While neither the original journal entry nor the journal entry *nunc pro tunc* complies fully with the requirements of the above statute, it is clear therefrom that petitioner was properly represented by counsel; that he was charged on two counts of an information upon which no attack was made; that he pleaded guilty to both counts; that evidence of conviction of two previous felonies was admitted; and that by reason thereof he was sentenced under the statute mentioned in the journal entry *nunc pro tunc.* The most that can be said is that the failure to make the statements as to details of previous convictions of felonies as provided for in G. S. 1945 Supp. 62-1516 constitutes an irregularity and does not make either the judgment or the sentence invalid. In *Wilson v. Hudspeth,* 165 Kan. 666, 198 P. 2d 165, *Leach v. Hudspeth,* 165 Kan. 610, 198 P. 2d 171, and other cases, this court considered similar complaints as to defective journal entries, and called the attorney general's attention thereto and outlined a procedure to be followed. It is now suggested that the attorney general proceed in this case to have the journal entry corrected.

Although not clearly presented, there is some suggestion the trial court was without power to impose a sentence of thirty years under G. S. 1945 Supp. 21-107a. A contention of like nature was considered in *Fitzgerald v. Amrine,* 154 Kan. 209, 117 P. 2d 582, and held to be without merit.

We note that even though this had been the petitioner's first conviction, his sentence on the second degree burglary charge would have been for a term of not less than five nor more than ten years, and he would not now be entitled to his release upon a writ of habeas corpus.

The writ prayed for is denied.

ARN, J., not participating.