No. 42,337

STATE OF KANSAS, *Appellee,* v. GEORGE A. FOUNTAINE, *Appellant.*

(360 P. 2d 1119)

Opinion filed April 8, 1961.

George A. Fountaine, appellant, *pro se.*

*Maurice P. O'Keefe, Jr.,* County Attorney, argued the cause, and *William M. Ferguson,* Attorney General, and *Robert E. Hoffman,* Assistant Attorney General, were with him on the briefs for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a criminal action from the sentence imposed by the district court of Atchison County, Kansas.

In proceedings regularly conducted before the district court the appellant, thirty-five years of age, represented by court-appointed counsel, pleaded guilty to the charge of burglary in the second degree with the commission of larceny. Without objection evidence of two prior felony convictions was admitted: (1) Conviction under the Dyer Act of the Federal Government in 1942 and subsequent confinement in the Federal Reformatory in Chillicothe, Ohio; and (2) conviction for burglary with commission of a larceny and subsequent confinement at the Kansas Penitentiary in Lansing. Upon this evidence the trial court found defendant had two prior felony

convictions. It thereupon sentenced the appellant to be confined for thirty years in the State Penitentiary pursuant to G. S. 1949, 21-523, 21-524 and 21-107a, and Laws of 1957, Chapter 331.

After pronouncing sentence the trial court said:

". . . Now the Court in passing this sentence, has doubled the maximum penalty for burglary and commission of larceny. Court had a choice of sentencing you from fifteen years to life. The Court has chosen not to give you life imprisonment but to give you double penalty for a crime of which you have had a second violation."

The appellant assigns as errors: (1) The trial court did not fix a minimum term of sentence; (2) the trial court erred in transcribing proceedings from the reporter's records to the journal entry; and (3) the trial court sentenced the defendant as a one-time felon.

The sentence pronounced by the trial court is in compliance with the statutes it cited, and in compliance with G. S. 1949, 21-109, which reads:

"Whenever any offender is declared by law punishable, upon conviction, by confinement and hard labor for a term not less than any specified number of years, and no limit to the duration of such imprisonment or confinement is declared, the offender may be sentenced to imprisonment during his natural life, or for any number of years not less than such as are prescribed; but no person shall in any case be sentenced to confinement and hard labor for any term less than one year."

Under the above quoted statute, the provision for a minimum sentence of not less than fifteen years in the habitual criminal act (G. S. 1949, 21-107a) for a third felony conviction has been construed to allow sentence for life or for any number of years not less than the prescribed minimum. (*Fitzgerald v. Amrine,* 154 Kan. 209, 117 P. 2d 582; *State v. Liebeno,* 163 Kan. 421, 183 P. 2d 419; *Newman v. Hudspeth,* 166 Kan. 244, 199 P. 2d 810; *Aldrich v. Hudspeth,* 166 Kan. 553, 203 P. 2d 135; *Jamison v. Hudspeth,* 168 Kan. 565, 213 P. 2d 972; and *Plasters v. Hoffman,* 180 Kan. 559, 305 P. 2d 858.)

The sentence given the appellant is therefore in compliance with the statutes cited by the trial court. Such statutes are also properly cited in the journal entry.

The appellant's assignments of error (2) and (3) stem from a misconstruction of the statement made by the trial court after pronouncing sentence and merit no further consideration. The court's reasoning for sentencing the appellant to thirty years does not affect the validity of the sentence in this case.

The order of the trial court sentencing the defendant to be confined for thirty years in the state penitentiary is affirmed.