Dick MALONE, Appellant,

v.

Sherman H. CROUSE, Warden, Kansas State Penitentiary, Appellee.

No. 9224.

United States Court of Appeals
Tenth Circuit.

July 14, 1967.

Rehearing Denied Aug. 29, 1967.

Dean R. Vanatta, Denver, Colo., for appellant.

Daniel D. Metz, Asst. Atty. Gen. of Kansas (Robert C. Londerholm, Atty. Gen. of Kansas, on the brief), for appellee.

Before JONES *, SETH, and HICKEY, Circuit Judges.

SETH, Circuit Judge.

The appellant, a prisoner in the Kansas State Penitentiary, has taken this ap-

* Senior Judge of the Fifth Circuit, by Designation.

peal from the order of the United States District Court for the District of Kansas denying appellant's petition for a writ of habeas corpus.

In December 1963, appellant was tried in the State District Court of Sedgwick County, Kansas, on charges of making a false check, passing and uttering a false check, and obtaining money under false pretenses. The jury rendered a verdict of guilty on all counts. Appellant was sentenced to life imprisonment under the Kansas habitual criminal statute. On appeal the Kansas Supreme Court affirmed appellant's conviction. State v. Malone, 194 Kan. 563, 400 P.2d 712 (1965). Appellant's applications for post-conviction relief were summarily denied by the Kansas state courts without evidentiary hearings.

The United States District Court on appellant's petition for a writ of habeas corpus conducted a full evidentiary hearing on the constitutional questions presented. Sixteen witnesses, including appellant, testified before the District Court, and the transcribed proceedings fill 744 of 1396 pages in the record before us on appeal. The District Court made extensive findings of fact relating to the constitutional questions and concluded that appellant's petition should be denied. Additional facts will supplement our discussion of the questions presented on appeal.

Appellant argues that his arrest was unlawful because the arresting officers had no warrant for arrest and had no probable cause to believe that appellant had committed a crime. Detective Burrows of the Wichita police had received complaints from certain motel owners that a man calling himself "Dick Malone" had represented that he was an agent of a construction company and had sought, and received, cash advancements from motel owners to feed and house his construction crew. On July 25, 1963, about noon, the Wichita police were notified by an unknown person that "Dick Malone" was at the Napa Motel in Wichita. Detectives Shackelford and Overman were advised by radio and they re-

sponded. Upon arriving at the motel, the detectives discovered appellant, carrying a suitcase, and preparing to enter a taxi. He was with a woman companion who was carrying a box of clothing. The detectives asked appellant if he was Malone, and appellant said that he was. Upon a request for identification, appellant showed the detectives his billfold, which further identified appellant as Dick Malone. After appellant was frisked for weapons by detective Overman, appellant and his woman companion, together with his suitcase and her box of clothing, were placed in a police car and taken to the police station.

Appellant relies on Beck v. State of Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142, on the arrest issue, but its facts are not similar to those in the case at bar. Here detective Burrows testified that he had received complaints from the Highway Inn and two other motels, had talked with people at the Highway Inn, and had issued a pickup order for Malone. Burrows related this information to a morning meeting of detectives, and Shackelford, one of the arresting detectives, had personal knowledge that Malone was sought in connection with fraud complaints. An anonymous informer told the police where Malone could be found, not that Malone had committed, or was committing, a crime. The Wichita police prior to notification by the informer had probable cause to believe a man using the name Dick Malone had committed a crime. When the appellant identified himself as Malone, the detectives had probable cause to arrest him without a warrant. See Dailey v. United States, 365 F.2d 640 (10th Cir.); Murray v. United States, 351 F.2d 330 (10th Cir.). Appellant's arrest was not unlawful because an unknown person told the police where a person wanted could be found.

Appellant argues that evidence obtained from an unlawful search of his suitcase was used against him during trial. The suitcase contained papers summarizing appellant's prior criminal record and appellant's certificate of re-

lease from the Nebraska State Penitentiary dated July 15, 1963, ten days before appellant's arrest in Wichita. Appellant contends that the detectives' knowledge of his past criminal record obtained by a search without warrant was the source of references to appellant's prior arrests and convictions during trial. Appellant also contends that the same unlawfully obtained information was used to invoke the Kansas habitual criminal statute during sentencing. The District Court found that nothing from the suitcase was introduced in evidence against the appellant, and that no evidence in appellant's trial was the fruit of any violation of appellant's constitutional rights. The court also found that appellant had voluntarily discussed his prior criminal record with the detectives.[1] Substantial evidence in the record supports these findings, and we agree with the District Court's conclusion that the search was incident to a lawful arrest.

■ The detectives opened the suitcase in appellant's presence at the police station within an hour or so of appellant's arrest at the motel. No search warrant was obtained. A reasonable search without warrant and incident to a lawful arrest does not offend the fourth amendment to the Constitution.[2] See Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777; Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726; Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399. A reasonable search incident to a lawful arrest may extend to things under the accused's immediate control. See Preston v. United States, supra; Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790. The suitcase was under appellant's immediate control when he was arrested

and seizure of the suitcase occurred immediately thereafter or concurrently. Under the facts, we hold that the search was contemporaneous with the arrest, Stoner v. State of California, 376 U.S. 483, 84 S.Ct. 889, 11 L.Ed.2d 856, and was not conducted at "another place," within the meaning of Preston v. United States, supra. The search without warrant is not unlawful merely because the search was conducted within a relatively short time after appellant and the suitcase had been transported to the police station, rather than at the motel immediately after appellant was arrested. Cf. Baskerville v. United States, 227 F.2d 454 (10th Cir.); Cotton v. United States, 371 F.2d 385 (9th Cir.).

■ Appellant argues that he was denied a fair trial because a Wichita newspaper published a prejudicial and inaccurate article concerning appellant's criminal record on the night before closing arguments and submission of the case to the jury. It appears that only one juror admitted reading the article, and he said that he had not been influenced by it. This issue was raised by appellant on direct appeal from his conviction, and the Kansas Supreme Court devoted the greater part of its opinion to the question of jury prejudice resulting from publication of the article. State v. Malone, 194 Kan. 563, 400 P.2d 712 (1965). The United States District Court adopted the findings of the state courts and concluded that the jury was not subjected to influence amounting to a denial of due process of law. We agree. The totality of circumstances in the case at bar is not remotely comparable to that with which the Supreme Court was concerned in Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600. See also Marshall v. United States, 360 U.S. 310,

---

1. The District Court also found that appellant was fully advised of his constitutional rights and warned that anything he said could be used against him, and that appellant understood his rights. These findings are not questioned on appeal.

2. In Warden v. Hayden, 87 S.Ct. 1642, 18 L.Ed.2d 782 (May 29, 1967), the Supreme Court abandoned the distinction, under the fourth amendment, between evidentiary materials, on one hand, and contraband and fruits and instrumentalities of crime. Under Hayden, evidentiary material may be seized under authority of a search warrant or by search incident to a lawful arrest.

79 S.Ct. 1171, 3 L.Ed.2d 1250; Welch v. United States, 371 F.2d 287 (10th Cir.).

■ References to appellant's prior convictions were admitted over objection during trial. Appellant argues that these trial references and the newspaper article combined to cause jury prejudice amounting to denial of due process. The potential prejudicial effect of introducing prior convictions during trial is recognized, but such evidence may be introduced when it has particular probative value. See Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (January 23, 1967), and cases cited therein. State practice permitted the introduction of this evidence. There appear to be three principal references to appellant's prior difficulties with the law. On the first occasion an unspecified objection was made and sustained; on the second when a witness described statements made by the accused as to his whereabouts no objection was made. On the third reference objection was made that the accused should be tried only for the present charge, but the court permitted the evidence of prior similar offenses to be admitted to show a common mode of operation. As indicated this was in conformance with state practice, and under Spencer v. State of Texas, supra, there are no constitutional prohibitions against it. The trial references and publication of the article, considered together, did not in our view create a situation where prejudice was inherently probable. See Estes v. State of Texas, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543. We find no denial of due process.

Appellant argues that he was denied a fair trial because his appointed trial counsel was incompetent. The transcript of appellant's trial was before the District Court. Appellant's trial counsel and the state judge who presided at the trial both testified during the habeas corpus proceedings. The District Court made findings from substantial evidence and concluded that appellant was afforded his constitutional right to adequate and competent counsel. We agree.

■ Appellant argues that he was subjected to cruel and unusual punishment in violation of the eighth amendment to the Constitution. Appellant contends that he was beaten and physically abused by police officials, was denied medical attention, and was placed in solitary confinement without proper food or clothing. Substantial evidence in the record supports the District Court's findings that appellant was not beaten, coerced, or physically abused by police officials, that he was given medical attention for physical and emotional complaints unrelated to alleged police mistreatment, and that appellant was placed in solitary confinement pursuant to the order of a state judge for contempt of court. The District Court specifically found that no admissions, statements, or confessions concerning the criminal charges were illegally obtained from appellant. We find nothing in the record to suggest that appellant's solitary confinement in any way prejudiced his right to a fair trial on the criminal charges.

■ Appellant argues that he was improperly sentenced to life imprisonment under the Kansas habitual criminal statute because one prior conviction was invalid. The state court relied on two prior convictions in Colorado and a prior conviction of second-degree murder in Ohio in 1933. Appellant alleges the Ohio conviction is invalid because he was not represented by counsel. From review of court records, the District Court concluded that there was no evidence rebutting appellant's contention, and that there was no conclusive evidence that appellant had waived counsel in the Ohio case. However, the District Court concluded that the two Colorado convictions were valid in all respects and that appellant was properly sentenced. Appellant's conviction in Kansas was a third conviction and the Kansas statute permits a life sentence upon conviction of a third felony. See Kan.Gen.Stat.Ann. § 21–107a (1949); State v. Fountaine, 188 Kan. 190, 360 P.2d 1119 (1961).

 Appellant argues that he was denied a fair trial by the cumulative effect of a number of alleged wrongs. Appellant contends that his money was confiscated and used to pay a judgment in a civil action which he was not permitted to defend. We fail to perceive any connection between payment of a civil judgment and a fair criminal trial. Appellant alleges that he has not been provided with a jury list. Availability of the jury list is a question of state law, and the record discloses no denial of due process because the appellant has not been provided with a jury list.

 Appellant argues that he was not taken to a state psychiatric center before he was confined in the penitentiary, contrary to the sentencing order of the state trial court. This is a question of state law and is not related to appellant's right to a fair trial. The record does reveal that appellant was examined by a psychiatrist before trial. From substantial evidence in the record, the District Court found that appellant was competent to stand trial in 1963, and that there was no evidence showing that appellant was incompetent to participate in the instant habeas corpus proceedings.

 Appellant alleges that long and prejudicial delays occurred between arrest and arraignment, thus denying his right to a fair and speedy trial, and that he was denied a preliminary hearing as required by Kansas law. Substantial evidence supports the District Court's findings that the preliminary hearing was waived by appellant's appointed counsel, that appellant was not prejudiced by waiver of preliminary hearing, and that any delay between arrest and arraignment was caused either by appellant's conduct or by actions of appellant's counsel taken in appellant's behalf. The District Court concluded that no prejudice amounting to denial of due process resulted from any delay. We agree.

 Appellant's final argument is that he was convicted of an offense for which he was not charged. The second count of one information referred to a violation of Kan.Gen.Stat.Ann. § 21–628. After the jury had returned with its verdict, the state trial court allowed amendment of the information to show § 21–609, rather than § 21–628, as a clerical error. The District Court found that the *language* of the charge in the information was consistent with § 21–609. Although the statutory reference was incorrect, the language of the charge refers to a violation of § 21–609. The information alleged offenses against the laws of Kansas, and we cannot say that appellant was convicted of an offense for which he was not charged. Cf. Cole v. State of Arkansas, 333 U.S. 196, 68 S. Ct. 514, 92 L.Ed. 644.

By way of summary, the District Court's findings are supported by substantial evidence, and we find no error in the court's conclusions of law.

The judgment of the District Court is affirmed.