Phil Anthony PINELLI, Appellant,

v.

UNITED STATES of America, Appellee.

No. 9969.

United States Court of Appeals Tenth Circuit.

Nov. 20, 1968.

Rehearing Denied Dec. 23, 1968.

Sheldon F. Goldberg, Denver, Colo., for appellant.

Richard T. Spriggs, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before PHILLIPS, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

Appellant, Phil Pinelli, and a co-defendant, Columbus Morris, were jointly charged, tried to a jury and convicted of mail theft in violation of 18 U.S.C. § 1708. Having made appropriate motions before, during and subsequent to the trial, the following points are raised on appeal: that it was error to admit testimony concerning information contained in a handwritten note taken from the wallet of the appellant in violation of the Fourth and Fifth Amendments; that the evidence was insufficient to sustain the conviction; and that the proceedings before the grand jury should have been recorded and made available to the appellant in accordance with his pre-trial motion so requesting.

On the night of August 17, 1967, and the early morning of the following day, appellant was engaged in the sorting of mail in his capacity as a distribution clerk employed in a Denver, Colorado, post office building. At this time he was being surreptitiously observed by various postal inspectors who were strategically located throughout various lookout galleries situated above his working area. The inspectors apparently had reason to suspect that mail was being stolen from this area of the post office and had caused a "test package" to be placed in the mail flow in an attempt to ferret out the guilty party. The test package consisted of a small parcel containing a telephone coin box.

Appellant's function was to sort parcels addressed to the Denver Post Office, zone 80204. The test package was addressed to zone 80217 which in the normal course of events would be handled by those distributing mail in zone seventeen and not by the appellant in zone four. Nevertheless, during his lunch period at approximately 12:20 a. m. on August 18,

1967, the appellant walked to the zone seventeen area where he was observed by an inspector. The appellant placed the test package underneath a larger parcel and carried the parcels over to his work area. The appellant was also observed taking several additional parcels from the zone seventeen area and to have made, during the course of the evening, several telephone calls from a telephone located near his work zone. Subsequently thereto, he put two small coin box size parcels in a mail sack; moved the sack several times until eventually placing it next to an exit door that adjoined his work area. A few minutes after the sack was placed near the door, a hand appeared from the door, quickly grasped the two parcels and then disappeared. Moments later co-defendant Morris was apprehended coming out of the building with the test package and another coin box parcel hidden under a sweater held in his arms.

Contemporaneously with the arrest of Morris outside the building, the inspectors remaining inside the building approached appellant and placed him under arrest. He was conducted to an office where he was informed of his constitutional rights, but demanding to consult with his attorney, he refused to sign a written waiver or to make a statement. He did, however, upon seeing the co-defendant enter the office exclaim: "Hi, Ramone. What are you doing here." Appellant was then told to produce the contents of his pockets; his wallet was searched and found to contain a handwritten note giving the co-defendant's first name and telephone number. This note was not introduced at the trial but an inspector did testify as to the message it contained.

It is asserted that the testimony of the inspector discussing the note was improperly admitted into evidence because the arresting postal inspectors lacked the requisite probable cause for conducting the search. Appellant argues that although there was adequate probable cause to sustain the arrest, this alone is not enough for there must exist independent probable cause for believing that the evidence seized will aid in apprehension or conviction.

 We begin with the proposition that evidence obtained as the result of a search and seizure undertaken in conjunction with a lawful arrest is admissible as long as the seized property is included in the category of objects which may validly be the subject of a search.[1] Prior to Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967), it was recognized that a search incidental to a valid arrest might have as one or more of its purposes the discovery of the fruits of the crime; the seizure of the instrumentalities used to commit the crime; the acquisition of weapons which placed the arresting officer in danger or which would facilitate escape; and the confiscation of contraband the mere possession of which is unlawful.[2] In Hayden the Supreme Court broadened this category to include objects of mere evidentiary value such as the message of the note obtained in the present case. Thus, it is now established that a search incidental to a lawful arrest may have as one of its purposes the discovery of material which constitutes evidence that the person arrested has committed a crime.[3] The probable cause that is required to sustain the search is the same whether the purpose of the search is to uncover weapons, mere evi-

1. Holt v. United States, 404 F.2d 914 (10th Cir. 1968) and citations therein.

2. E. g., Warden, Md. Penitentiary v. Hayden, 387 U.S. at 296, 87 S.Ct. 1642; and Amador-Gonzalez v. United States, 391 F.2d 308, 314 (5th Cir. 1968).

3. Malone v. Crouse, 380 F.2d 741 (10th Cir. 1967); Stone v. United States, 385 F.2d 713 (10th Cir. 1967); Amador-Gonzalez v. United States, 391 F.2d 308 (5th Cir. 1968); DiMarco v. Greene, 385 F.2d 556 (6th Cir. 1967); and Jack v. United States, 387 F.2d 471 (9th Cir. 1967).

dence or any of the other categories of permissible objects. Consequently, if there was an adequate showing of probable cause to make the arrest for a crime then being perpetrated, it cannot be doubted that the search of the person of the accused in an attempt to obtain evidence indicating that he committed the crime for which he had been placed under arrest was justifiable.[4] The contention of the appellant to the contrary is untenable.

■ In abrogating the mere evidence rule the Court in Hayden noted that "the items of clothing involved in this case are not 'testimonial' or 'communicative' in nature, and their introduction therefore did not compel respondent to become a witness against himself in violation of the Fifth Amendment. Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908. This case thus does not require that we consider whether there are items of evidential value whose very nature precludes them from being the object of a reasonable search and seizure."[5] The Court thus declined to determine whether the Fifth Amendment is absorbed into the reasonableness requirement of the Fourth Amendment in this context. Accordingly, the Court has left open the question of whether the seizure of communicative material included within the protection of the Fifth Amendment will be held inadmissible even though the search and seizure has fully satisfied the requirements of the Fourth Amendment. It is not necessary for this court to determine the matter on the

basis of this somewhat perplexing concept because we conclude that even if the evidence is considered to be repugnant to the Fifth Amendment, there is no reasonable possibility that the testimony relating the contents of the note might have contributed to the ultimate conviction.

■ Recognizing that the rule "that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt"[6] is a strict one,[7] this is undoubtedly an appropriate case for its utilization. The note contained only a scribbled first name and a telephone number. This information was presented to the jury in the form of the testimony of one of the arresting postal inspectors and the matter was not alluded to again during the course of the trial or in the closing arguments of counsel.[8] This fact alone would not render the evidence harmless, but when taken with the fact that the accomplice, Morris, testified that he had known the appellant for nearly a year and that they had met the previous night in the post office parking lot, it becomes apparent that the note was merely cumulative evidence of the parties acquaintanceship, a relationship well established by the admissions of Morris. The note being such an insignificant item it could have had no effect upon the verdict.[9]

■ Appellant also complains that the evidence was insufficient to show that he aided and abetted Morris in the theft of the parcels. Stress is placed upon the

4. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Holt v. United States, 404 F.2d 914 (10th Cir. 1968); and United States v. Chambers, 382 F.2d 910 (6th Cir. 1967).

5. 387 U.S. 302–303, 87 S.Ct. 1648.

6. Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). As the Court indicated, appellate courts will not ordinarily have the original task of applying this standard. Be that as it may, the district court did not consider this aspect of the case inasmuch as the Fifth Amendment contention was not raised. Consequently, just as did the

Court in Chapman, we prefer to dispose of the matter rather than to remand the case for further consideration below.

7. Little v. Turner, 402 F.2d 495 (10th Cir. 1968).

8. In view of the insignificant probative value of the message, it is difficult to ascertain why the prosecution assumed the risks involved in admitting it into evidence.

9. See, United States v. Reed, 392 F.2d 865 (7th Cir. 1968); Gladden v. Frazier, 388 F.2d 777 (9th Cir. 1968); and Wilson v. Anderson, 379 F.2d 330 (9th Cir. 1967).

lack of any direct evidence to demonstrate that the appellant and Morris were acting in concert or that appellant committed an unlawful act in furtherance of the alleged scheme. In considering this assertion we note that in passing upon the sufficiency of the evidence to support a conviction, the evidence and all reasonable inferences will be considered in the light most favorable to the prosecution.[10]

 The evidence as presented established that the appellant acting in a somewhat unusual manner—he moved one of the packages during his lunch break—removed the eventually stolen parcels from their normal distribution point and through a series of movements placed them in a mail sack near an exit door. He then adjusted a venetian blind and a few minutes later the parcels were taken from the sack to appear moments later in the possession of a friend of the appellant and a man with whom he had met near the post office the night before. Admittedly there is an absence of direct evidence showing any collaboration between appellant and Morris. Yet it would be illogical to conclude that the evidence, viewed in the light most favorable to the Government, did not contain a sufficient basis from which the jury could infer guilt beyond a reasonable doubt.

Appellant emphasizes the fact that there was testimony indicating that it is not unusual for a parcel to be miscoded thus requiring the distribution clerk to leave his normal work area and proceed to another area in attempting to rectify the error. Yet no reason is advanced to explain why appellant chose, during his lunch period, to move parcels from another zone to his work area, or why these same parcels should later be placed near a door from which they were stolen. Certainly the appellant was not required to submit any explanation, but by not doing so, he has allowed the jury to infer, quite understandably, that he and Morris were working together to accomplish the theft of the parcels.

██ The final contention raised by the appellant relates to the failure of the court to require the production of the record of the proceedings had before the grand jury indicting the appellant. The grand jury proceedings were not reported, thus as established by several decisions of this court, the recording of grand jury testimony is not required and if it has not been recorded their remains nothing for the Government to disclose.[11]

Affirmed.

---

10. E. g., McGee v. United States, 402 F.2d 434 (10th Cir. 1968); Reed v. United States, 377 F.2d 891 (10th Cir. 1967); and Halfen v. United States, 324 F.2d 52 (10th Cir. 1963).

11. Edmondson v. United States, 402 F.2d 809 (10th Cir. 1968) and citations therein.